**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

**CASE NO.:  1:24-CV-07544**

BRUCE CAMERON DAVIDSON,

     Plaintiff,

v.

BLANKENSHIP DRY GOODS LLC,

     Defendant.

**AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff BRUCE CAMERON DAVIDSON by and through his undersigned counsel, brings this Amended Complaint against Defendant BLANKENSHIP DRY GOODS LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff BRUCE CAMERON DAVIDSON ("Davidson") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Davidson's original copyrighted Work of authorship.

2. Davidson is a photographer who has found a way to shoot landscapes from different perspectives and create graphic images that challenge the viewer's expectations. He has traveled all over the world, spent countless hours flying around in helicopters, and embraced extreme temperatures all to capture the most spectacular aerial photographs. Davidson has been published in over thirty publications, has photographed campaigns for numerous brands, and won awards in Lurzers Archive, Communication Arts, Graphis and American Photographer.

3.     Defendant BLANKENSHIP DRY GOODS LLC ("Blankenship") is a manufacturer and brand that features American-made products handcrafted in Manhattan. In addition to its manufacturing business, Blankenship operates a brick-and-mortar store in Greenwich, Connecticut. At all times relevant herein, Blankenship owned and operated the internet website located at the internet URL www.blankenshipdrygoods.com (the "Website").

4.     Davidson alleges that Blankenship copied Davidson's copyrighted Work from the internet in order to advertise, market and promote its business activities.  Blankenship committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of Blankenship's business.

## JURISDICTION AND VENUE

5.     This is an action arising under the Copyright Act, 17 U.S.C. § 501.

6.     This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.     Defendant is subject to personal jurisdiction in New York.

8.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Blankenship engaged in infringement in this district, Blankenship resides in this district, and Blankenship is subject to personal jurisdiction in this district.

## DEFENDANT

9.     Blankenship Dry Goods LLC is a New York Limited Liability Company, with its principal place of business at 16 Greenwich Avenue, Greenwich, Connecticut, 10021, and can be served by serving its Registered Agent, Blankenship Dry Goods, LLC, 21 East 73rd Street, New York, New York, 10021.

2
**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK ♦ TEXAS

**THE COPYRIGHTED WORK AT ISSUE**

10.     In 2014, Davidson created the photograph entitled "CD_2015_0914_0029_xgaplus," which is shown below and referred to herein as the "Work".



11.     At the time Davidson created the Work, Davidson applied copyright management information to the Work consisting of the words "© CAMERON DAVIDSON" to the bottom of the image.

12.      Davidson registered the Work with the Register of Copyrights as part of a group registration (Title: "Photographs September 2015 to Nov.") on December 1, 2015, and was assigned registration number Vau 1-251-061. The Certificate of Registration is attached hereto as **Exhibit 1**.

13.     At all relevant times Davidson was the owner of the copyrighted Work at issue in this case.

**SRIPLAW**

CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK ♦ TEXAS

## INFRINGEMENT BY BLANKENSHIP

14. Blankenship has never been licensed to use the Work at issue in this action for any purpose.

15. On a date after the Work at issue in this action was created, but prior to the filing of this action, Blankenship copied the Work.

16. On or about May 14, 2024, Davidson discovered the unauthorized use of his Work on the Website.

17. Blankenship copied Davidson's copyrighted Work without Davidson's permission.

18. After Blankenship copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its manufacturing and retail sales business.

19. Blankenship copied and distributed Davidson's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

20. Davidson's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

21. Blankenship committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

22. Davidson never gave Blankenship permission or authority to copy, distribute or display the Work at issue in this case.

23. Davidson notified Blankenship of the allegations set forth herein on May 28, 2024 and June 14, 2024.  To date, the parties have failed to resolve this matter.

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK ♦ TEXAS

24.     When Blankenship copied and displayed the Work at issue in this case,

Blankenship removed Davidson's copyright management information from the Work.

25.     Davidson never gave Blankenship permission or authority to remove copyright

management information from the Work at issue in this case.

## COUNT I
## COPYRIGHT INFRINGEMENT

26.     Davidson incorporates the allegations of paragraphs 1 through 255 of this

Amended Complaint as if fully set forth herein.

27.     Davidson owns a valid copyright in the Work at issue in this case.

28.     Davidson registered the Work at issue in this case with the Register of Copyrights

pursuant to 17 U.S.C. § 411(a).

29.     Blankenship copied, displayed, and distributed the Work at issue in this case and

made derivatives of the Work without Davidson's authorization in violation of 17 U.S.C. § 501.

30.     Blankenship performed the acts alleged in the course and scope of its business

activities.

31.     Defendant's acts were willful.

32.     Davidson has been damaged.

33.     The harm caused to Davidson has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

34.     Davidson incorporates the allegations of paragraphs 1 through 255 of this

Amended Complaint as if fully set forth herein.

35.     The Work at issue in this case contains copyright management information

("CMI").

**SRIPLAW**

CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK ♦ TEXAS

36.    Blankenship cropped Davidson's image removing the CMI (© Cameron Davidson) evidenced by the comparison attached hereto as **Exhibit 3**

37.    Blankenship knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. § 1202(b).

38.    Blankenship committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Davidson's rights in the Work at issue in this action protected under the Copyright Act.

39.    Blankenship caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Davidson's rights in the Work at issue in this action protected under the Copyright Act.

40.    Davidson has been damaged.

41.    The harm caused to Davidson has been irreparable.

WHEREFORE, the Plaintiff BRUCE CAMERON DAVIDSON prays for judgment against the Defendant BLANKENSHIP DRY GOODS LLC that:

a.    Blankenship and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b.    Blankenship be required to pay Davidson his actual damages and Defendant's profits attributable to the infringement, or, at Davidson's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c.    Davidson be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK ♦ TEXAS

d.    Davidson be awarded pre- and post-judgment interest; and

e.    Davidson be awarded such other and further relief as the Court deems just

and proper.

## **JURY DEMAND**

Davidson hereby demands a trial by jury of all issues so triable.

Dated: November 7, 2024                          Respectfully submitted,


/s/ *Jordan I. Abisror*
JORDAN I. ABISROR
Bar Number: 6139190
jordan.abisror@sriplaw.com
JOSEPH A. DUNNE (JD0674)
Joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.475.9070 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Bruce Cameron Davidson*