UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRUCE CAMERON DAVIDSON,

                Plaintiff,

-against-

BLANKENSHIP DRY GOODS LLC,

                Defendant.

24-cv-7544 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

After plaintiff Bruce Cameron Davidson discovered that Blankenship Dry Goods was using a photograph he took of Manhattan to sell the company's wares, he sued for copyright infringement and the improper removal of copyright management information. Blankenship moves to dismiss the complaint for failure to state a claim. For the following reasons, the motion is DENIED.

## BACKGROUND

These facts are set forth as alleged in the complaint and are taken as true only for purposes of this motion. In 2014, Davidson created an aerial photograph of Manhattan (the "photo"), which he watermarked with a copyright symbol and his name. Dkt. 9 ¶ 10. He registered the photo as part of a group registration titled "Photographs September 2015 to Nov." on December 1, 2015. *Id.* ¶ 12.

In May 2024, Davidson discovered the photo on the website of Blankenship Dry Goods, a "brand that features American-made products handcrafted in Manhattan." *Id.* ¶¶ 3, 16. Davidson did not give Blankenship permission to use the photo. *See id.* ¶ 16. Blankenship had cropped the photo to remove the watermark indicating that the copyright belonged to Davidson (the "copyright management information" or "CMI"). *Id.* ¶ 24.

Davidson notified Blankenship that he owned the copyright in the photo, but the parties failed to resolve the issue. *Id.* ¶ 23. In October 2024, Davidson sued Blankenship, and on November 8, 2024, he filed an amended complaint, alleging copyright infringement and the improper removal of copyright management information. *See* Dkts. 1, 9. Blankenship moved to dismiss the amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. 17.

## LEGAL STANDARDS

To survive a motion to dismiss brought under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 298–99 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is plausible on its face 'when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

### I. Blankenship's Fair-Use Defense Isn't Clear From the Complaint

Blankenship first argues that the Court should dismiss the complaint because the company's use of Davidson's photo qualifies as fair use. Dkt. 17-1 ¶ 1. "Because fair use is an affirmative defense, it often requires consideration of facts outside of the complaint and thus is inappropriate to resolve on a motion to dismiss." *Kelly-Brown v. Winfrey*, 717 F.3d 295, 308 (2d Cir. 2013) (discussing fair use in the trademark context). "Affirmative defenses may be adjudicated at this stage in the litigation, however, where the facts necessary to establish the defense are evident on the face of the complaint." *Id.*

To evaluate whether a use qualifies as fair, the Copyright Act directs that "the factors to be considered shall include":

(1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;

(2) the nature of the copyrighted work;

(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

(4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. § 107. The Second Circuit has explained that this "is an open-ended and context-sensitive inquiry." *Blanch v. Koons*, 467 F.3d 244, 251 (2d Cir. 2006).

Considering these factors, it is far from clear from the face of the complaint that Blankenship's use was fair. Blankenship used Davidson's entire photo, aside from the CMI that it allegedly cropped out. Blankenship argues that its use of the photo was "transformative" because it allowed "customers and potential customers to visualize the location of where . . . [Blankenship's] product[] is produced," and the photo was accompanied by the following text:

Blankenship Dry Goods is a stateside producer of premium quality apparel. Our brand remains tried and true made by on shore. Our products are also made from domestic textiles and components. We continue to produce in the United States always. In Manhattan is the epicenter of our apparel production. The production in the city is the core of industrial NYC in centers that are in motion since the 1900s. Manhattan and the greater city is the epitome of workmanship and energy so where better to produce than in the heart of the city.

Dkt. 17-1 ¶ 12. The images of Blankenship's website that are attached to the complaint confirm that this text was printed above Davidson's photo. Dkt. 9-2 at 9. But "getting our customers to visualize Manhattan" is hardly a transformative use for a photograph of Manhattan. *See BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F. Supp. 3d 395, 407 (S.D.N.Y. 2016) ("The

2

Court has found no case . . . in which the use of an image solely to present the content of that image, in a commercial capacity, was found to be fair."). Blankenship also argues that its use focused on the "informational aspects" of the photo, *see* Dkt. 17-1 ¶ 16, but the Court doesn't see that as the case: Davidson's photo is used on the website to make Blankenship's products more attractive to customers, not merely to inform them about the contours of Manhattan's cityscape. Accordingly, Blankenship's motion to dismiss the complaint based on fair use is denied.

## II.  Blankenship's Other Arguments Also Fail

Next, Blankenship argues that Davidson's pleading is deficient because the certificate of registration that Davidson submitted doesn't "indicate if it is a group registration of published photographs, and the registration record does not include the title of the [photo]," Dkt. 17-1 ¶ 20. Blankenship argues that this means Davidson hasn't sufficiently alleged "ownership of a valid copyright." *Abdin v. CBS Broadcasting Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). But on a motion to dismiss, the Court takes the allegations in the complaint as true, and Davidson alleges that the photograph at issue is covered by the certificate of registration. Blankenship is free to test the veracity of that claim during discovery.

Finally, Blankenship says that Davidson fails to state a claim under 17 U.S.C. § 1202(b)(3), which prohibits "distribut[ing] . . . copies of works . . . knowing that copyright management information has been removed or altered without authority of the copyright owner or the law." To establish a violation of that provision, a plaintiff must prove: "(1) the existence of CMI in connection with a copyrighted work; and (2) that a defendant distributed works or copies of works; (3) while knowing that CMI has been removed or altered without authority of the copyright owner or the law; and (4) while knowing or having reasonable grounds to know that such distribution will induce, enable, facilitate, or conceal an infringement." *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 171 (2d Cir. 2020) (cleaned up). Blankenship says that because the complaint doesn't allege "when and where the [photo] was first published, and when Photo Credit was attributed to [Davidson] in connection with the [photo]," it doesn't "sufficiently allege that the CMI came into existence in connection with the Work prior to alleged distribution by the Defendant." Dkt. 17-1 ¶¶ 21, 26.

Blankenship is wrong that the complaint doesn't allege "when Photo Credit was attributed to [Davidson]." The complaint says that Davidson "applied copyright management information" to the photo "[a]t the time [he] created [it]" in 2014. Dkt. 9 ¶ 11. And although the complaint doesn't say where Davidson displayed the photograph after that, Blankenship cites no authority suggesting that this is required to state a claim. The complaint alleges that Blankenship "cropped Davidson's image[,] removing the CMI." *Id.* ¶ 36. That Blankenship "allegedly removed the CMI itself without authorization from [Davidson]" is enough to plausibly allege that Blankenship "knew that the CMI had been removed or altered without the authority of [Davidson] or the law." *See Shihab v. Complex Media, Inc.*, 2022 WL 3544149, at *5 (S.D.N.Y. Aug. 17, 2022).

## CONCLUSION

For these reasons, Blankenship's motion to dismiss is denied.

The Clerk of Court is directed to terminate Dkt. 17.

SO ORDERED.

Dated: February 12, 2025
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge