**ANSWER**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**CIVIL DIVISION**


BRUCE CAMERON DAVIDSON,

Plaintiff,

                                        Civil Action No. 1:24-CV-07544

         v.

                                        Hon. Arun Subramanian, U.S.D.J.

                                        JURY TRIAL DEMANDED

BLANKENSHIP DRY GOODS, LLC,

Defendant.


**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM, AND JURY DEMAND**


Defendant Blankenship Dry Goods, LLC, by and through counsel, hereby responds to the Complaint filed by Plaintiff Bruce Cameron Davidson in this action on November 8, 2024, (the "Complaint"). Each numbered paragraph in the Complaint is re-stated herein and followed, in each case, by Defendant's response. Unless specifically admitted, the Defendant denies each of the allegations in the Complaint. Defendant admits, denies, and alleges as follows:


1. Plaintiff BRUCE CAMERON DAVIDSON ("Davidson") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Davidson's original copyrighted Work of authorship.

   **ANSWER: Defendant admits that the Plaintiff has brought this action and denies the remainder of the allegations in Paragraph 1.**

2. Davidson is a photographer who has found a way to shoot landscapes from different perspectives and create graphic images that challenge the viewer's expectations. He has traveled all over the world, spent countless hours flying around in helicopters, and embraced extreme temperatures all to capture the most spectacular aerial photographs. Davidson has been published in over thirty publications, has photographed campaigns for numerous brands, and won awards in Lurzers Archive, Communication Arts, Graphis and American Photographer.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies those allegations.**

**The Defendant further states in response that the Officers of the Defendant have worked persistently for substantial hours and excessive overtime to establish a unique business as a manufacturer and vendor of apparel and food products, using raw materials based in the United States. This business is not related to any use of spectacular aerial photographs or any brands that are seeking to use spectacular aerial photographs as part of its industry. This is in contrast to brands in tourism, nature, and vehicle terrain industries, or similar industries, who all have a purpose to highlight unique geographic landscapes to its consumers.**

3. Defendant BLANKENSHIP DRY GOODS LLC ("Blankenship") is a manufacturer and brand that features American-made products handcrafted in Manhattan. In addition to its manufacturing business, Blankenship operates a brick-and-mortar store in Greenwich, Connecticut. At all times relevant herein, Blankenship owned and operated the internet website located at the internet URL www.blankenshipdrygoods.com (the "Website").

**ANSWER: Defendant admits it is a manufacturer and vendor and denies the remainder of the allegations in Paragraph 3.**

**The Defendant further states in response that its business manufacturers and sells goods using durable raw materials in the United States and this is the source of its mark or brand. The Plaintiff has not defined the 'relevant times' throughout its Complaint for it to be possible for the Defendant to have sufficient knowledge to answer that it owned and operated the Website.**

4. Davidson alleges that Blankenship copied Davidson's copyrighted Work from the internet in order to advertise, market and promote its business activities. Blankenship committed the violations alleged in connection with Defendant's business for purposes of advertising and promoting sales to the public in the course and scope of Blankenship's business.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph** Error! Reference source not found.**, and therefore denies those allegations.**

**The Defendant further states that no creative or copyrightable element of the Work (the Photograph) was used in connection with its' business.**

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

   **ANSWER:  Defendant denies that this is an action arising under the Copyright Act, 17 U.S.C. § 501 and admits that the Plaintiff has concluded that it is an action arising under the Copyright Act, 17 U.S.C. § 501.**

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

   **ANSWER: Defendant admits that the Court has subject matter jurisdiction over this case and denies the remainder of the allegations in Paragraph 6.**

7. Defendant is subject to personal jurisdiction in New York.

   **ANSWER: Defendant admits conducting business in New York State and within the Southern District of New York. Defendant denies the remainder of the allegations in Paragraph 7.**

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Blankenship engaged in infringement in this district, Blankenship resides in this district, and Blankenship is subject to personal jurisdiction in this district.

   **ANSWER: Defendant admits that venue in this district is proper and denies the remainder of the allegations in Paragraph 8.**

## THE PARTIES

9. Blankenship Dry Goods LLC is a New York Limited Liability Company, with its principal place of business at 16 Greenwich Avenue, Greenwich, Connecticut, 10021, and can be served by serving its Registered Agent, Blankenship Dry Goods, LLC, 21 East 73rd Street, New York, New York, 10021.

   **ANSWER: Defendant admits that it is a New York Limited Liability Company and denies the remainder of the allegations in Paragraph 9.**

## GENERAL ALLEGATIONS

10. In 2014, Davidson created the photograph entitled "CD_2015_0914_0029_xgaplus," which is shown below and referred to herein as the "Work".

    **ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies those allegations.**

11. At the time Davidson created the Work, Davidson applied copyright management information to the Work consisting of the words "© CAMERON DAVIDSON" to the bottom of the image.

    **ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies those allegations.**

12. Davidson registered the Work with the Register of Copyrights as part of a group registration (Title: "Photographs September 2015 to Nov.") on December 1, 2015, and was assigned registration number Vau 1-251-061. The Certificate of Registration is attached hereto as Exhibit 1.

    **ANSWER: Defendant denies that the Certificate of Registration is a group registration and that the Photograph is part of the group.**

13. At all relevant times Davidson was the owner of the copyrighted Work at issue in this case.

    **ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies those allegations.**

14. Blankenship has never been licensed to use the Work at issue in this action for any purpose.

    **ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies those allegations.**

    **The Defendant further states in response that there is insufficient information on copyright ownership for the subject matter of licenses of the Photograph to be relevant.**

15. On a date after the Work at issue in this action was created, but prior to the filing of this action, Blankenship copied the Work.

**ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies those allegations.**

16. On or about May 14, 2024, Davidson discovered the unauthorized use of his Work on the Website.

    **ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies those allegations.**

17. Blankenship copied Davidson's copyrighted Work without Davidson's permission.

    **ANSWER: Defendant denies these allegations and the Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.**

    **The Defendant states further in response that no original or copyrightable element of the Photograph was used in connection with its business for permission to use of the Photograph to be relevant.**

18. After Blankenship copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its manufacturing and retail sales business.

    **ANSWER: Defendant denies the allegations in Paragraph 18.**

19. Blankenship copied and distributed Davidson's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

    **ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies those allegations.**

    **The Defendant states further in response that there is insufficient prima facie information that the Photograph is 'Davidson's copyrighted Work' in order to provide a response to the copying and distribution of the Photograph by any party to these proceedings or by a third party.**

20. Davidson's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

    **ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies those allegations.**

21. Blankenship committed copyright infringement of the Work as evidenced by the documents attached hereto as Exhibit 2.

    **ANSWER: Defendant denies the allegations in Paragraph 21.**

22. Davidson never gave Blankenship permission or authority to copy, distribute or

    display the Work at issue in this case.

    **ANSWER: The Defendant states in response that there is insufficient prima facie information that the Photograph is 'Davidson's copyrighted Work' in order for permission to copy, distribute, or display the Photograph to be relevant; and as a result, the allegations in Paragraph 22 are denied.**

23. Davidson notified Blankenship of the allegations set forth herein on May 28, 2024, and June 14, 2024. To date, the parties have failed to resolve this matter.

    **ANSWER: Defendant admits receiving the Cease-and-Desist Letter. Defendant denies the remainder of the allegations in Paragraph 23.**

24. When Blankenship copied and displayed the Work at issue in this case, Blankenship removed Davidson's copyright management information from the Work.

    **ANSWER: Defendant denies the allegations in Paragraph 24.**

    **The Defendant further states in response that the Plaintiff is in the business practice of displaying the same Photograph both with and without copyright management information (CMI) on various platforms on the internet.**

25. Davidson never gave Blankenship permission or authority to remove copyright management information from the Work at issue in this case.

    **ANSWER: Defendant denies the allegations in Paragraph 25.**

    **The Defendant further states in response that the Plaintiff is in the business practice of displaying the same Photograph both with and without copyright management information (CMI) on various platforms on the internet.**

    **The Defendant further states in response that there is insufficient prima facie information that the Photograph is 'Davidson's copyrighted Work' in order for permission to remove CMI to be relevant.**

## <u>COUNT I</u>

## COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)

26. Davidson incorporates the allegations of paragraphs 1 through 255 of this Amended Complaint as if fully set forth herein.

   **ANSWER: Defendant repeats, and fully incorporates by reference, its answers to Paragraphs 5–25 of the Complaint.**

27.  Davidson owns a valid copyright in the Work at issue in this case.

   **ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies those allegations.**

28. Davidson registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

   **ANSWER: Defendant denies the allegations in Paragraph 28.**

29. Blankenship copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Davidson's authorization in violation of 17 U.S.C. § 501.

   **ANSWER: Defendant denies the allegations in Paragraph 29.**

30. Blankenship performed the acts alleged in the course and scope of its business activities.

   **ANSWER: Defendant denies the allegations in Paragraph 30.**

31. Defendant's acts were willful.

   **ANSWER: Defendant denies the allegations in Paragraph 31.**

32. Davidson has been damaged.

   **ANSWER: Defendant denies the allegations in Paragraph 32.**

33. The harm caused to Davidson has been irreparable.

**ANSWER: Defendant denies the allegations in Paragraph 33.**

## COUNT II

## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

34. Davidson incorporates the allegations of paragraphs 1 through 255 of this Amended Complaint as if fully set forth herein.

   **ANSWER: Defendant repeats, and fully incorporates by reference, its answers to Paragraphs 5–25 of the Complaint.**

35. The Work at issue in this case contains copyright management information ("CMI").

   **ANSWER: Defendant denies the allegations in Paragraph 35.**

36. Blankenship cropped Davidson's image removing the CMI (© Cameron Davidson) evidenced by the comparison attached hereto as Exhibit 3

   **ANSWER: Defendant specifically denies that Exhibit 3 shows that the Defendant cropped the Photograph and removed the CMI and denies the allegations in Paragraph 36.**

37. Blankenship knowingly and with the intent to enable or facilitate copyright infringement, removed CMI from the Work at issue in this action in violation of 17 U.S.C. §1202(b).

   **ANSWER: Defendant denies the allegations in Paragraph 37.**

38. Blankenship committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Davidson's rights in the Work at issue in this action protected under the Copyright Act.

   **ANSWER: Defendant denies the allegations in Paragraph 38.**

39. Blankenship caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Davidson's rights in the Work at issue in this action protected under the Copyright Act.

   **ANSWER: Defendant denies the allegations in Paragraph 39.**

40. Davidson has been damaged.

**ANSWER: Defendant denies the allegations in Paragraph 40.**

41. The harm caused to Davidson has been irreparable.

**ANSWER: Defendant denies the allegations in Paragraph 41.**

## GENERAL DENIAL

Defendant denies each factual allegation in the Complaint that is not specifically admitted or otherwise addressed in the preceding paragraphs and demands strict proof thereof.

## ANSWER TO PLAINTIFF'S REQUEST FOR RELIEF

Defendant denies that Plaintiff is entitled to the judgment and relief prayed for after Paragraph 41 in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant states the following affirmative and other defenses:

### FIRST DEFENSE

Plaintiff's Complaint is barred in whole by the statute of limitations requiring that civil actions "be commenced within three years after the claim accrued" pursuant to 17 U.S.C. § 507(b). Under this statute of limitations, the Plaintiff did not make allegations of infringement within three years of its alleged occurrence from 2019.

The Plaintiff should as a reasonable person have learned of the alleged infringement in 2019. The Plaintiff had the capabilities to sue other defendants for copyright infringement during the relevant three-year period from 2019 to 2022 as follows:

Davidson v. Forever Homes USA, LLC, United States District Court Eastern District of New York, Case No. 2:19-cv-01267.

Bruce Cameron Davidson v. Peabody Theoharis Management, and Others, United States District Court for the District of Columbia, Case No. 1:20-cv-1874.

Bruce Cameron Davidson v. Dimension Consulting Inc., United States District Court for the Southern District of New York, Case No. 2:20-cv-02658.

Bruce Cameron Davidson v. Mount Vernon Manor Citizens and Others, United States District Court for the Eastern District of Virginia, Case 1:20-cv-00614-LMB-MSN.

Plaintiff is a sophisticated and experienced litigator (previously filing at least nineteen (19) lawsuits to protect its copyrights) and should have discovered, with the exercise of due diligence, that it's [claimed] copyright was being infringed within the statutory time period.

**SECOND DEFENSE**

Plaintiff's Complaint is barred in whole, by the equitable doctrine of laches where there has been an unreasonable, prejudicial delay in filing a lawsuit.

Plaintiff is a sophisticated and experienced litigator (previously filing at least nineteen (19) lawsuits to protect its copyrights) and should have discovered, with the exercise of due diligence, that it's [claimed] copyright was being infringed within the statutory time period.

**THIRD DEFENSE**

Plaintiff fails to state a claim against Defendant upon which relief can be granted.

**FOURTH DEFENSE**

There is no substantial similarity between the protectible elements of Plaintiff's Work and the Accused Work due to Fair Use. The claimed Photograph on the Defendant's blog page of their Website does not merely supersede[s] the objects of the original creation, supplanting the original. Instead, the claimed Photograph on the blog page of the Defendant's website adds something new, with a further purpose or different character, in advising its market that the raw materials used in its business are based in the United States.  Many common fair uses are indisputably commercial. Even where the whole work is copied, the use may still be considered fair depending on the consideration of other factors. On the Defendant's blog page copying a large amount of the Photograph falls within the scope of fair use where the material copied captures little of the Photograph's creative expression and/or is central to the Defendant's valid purpose.

The Defendant's business of the manufacture and sale of apparel and food products using raw materials sourced in the United States is a distinct purpose from the following industries

that are most likely to use the creative elements of the Plaintiff's alleged Photograph and work in aerial photography:

a.   Real Estate Marketing: One of the most prevalent uses of aerial photography is in real estate marketing. High-quality aerial images and videos provide potential buyers with a comprehensive view of properties, showcasing the size, layout, and surrounding environment in a way that traditional ground-level photography cannot.

b.   Construction and Development Monitoring: Aerial photography is a crucial tool in the construction and development sectors. Regularly updated aerial images help project managers and stakeholders monitor progress, ensure compliance with regulations, and identify potential issues early on.

c.   Agriculture and Farming: In agriculture, aerial photography aids in precision farming, which optimizes field-level management with regard to crop farming.

d.   Building Window Roof, and Façade Cleaning:  Aerial photography companies are increasingly collaborating with cleaning services to inspect and facilitate the cleaning of building windows, roofs, and facades.

e.   Disaster Management and Response: In the event of natural disasters, aerial photography is invaluable for assessing damage, coordinating response efforts, and planning recovery operations.

f.   Urban Planning: Urban planners use aerial photography to gain insights into city layouts, infrastructure, and land use. This aids in making informed decisions about development and zoning.

g.   Location Marketing: Tourism boards and travel companies use aerial photography to showcase destinations in a captivating way, attracting tourists and adventurers.

The Defendant's business does not fit any of the categories above (or similar categories) and the Defendant's business did not use any creative aspect of the alleged aerial Photograph to showcase its products, where its products are unrelated to tourism, the structures of the subject matter of the Photograph, and showcasing New York City as a destination.  The alleged Photograph was used for a transformative purpose to provide visual context to the Defendant's words on its blog page, that the raw materials of its products are sourced in the United States and/or New York City.

Even though findings have already been made by the Southern District of New York in relation to Fair Use in these proceedings on February 12, 2025, these findings are currently the subject matter of an appeal.

The Defendant's blog page did not have an adverse effect upon the current or future market of the claimed Photograph, including the market for derivative works, and there is no detrimental impact on the copyright owner if the defendant's use became widespread. The Defendant's business does not relate to the purpose in anyway of bringing different perspectives on geographic landscapes to its consumers, as do many other industries such as construction, property management, real estate, tourism, nature, and vehicles manufactured for various terrains, which are the typical industries the Plaintiff works with as a landscape photographer.

**FIFTH DEFENSE**

The Defendant's use of the claimed Photograph is De Minimis Use, where the prominence of use of the Photograph was on a minimal section of the Blog Page of the Defendant's website.

**SIXTH DEFENSE**

Plaintiff has sustained no harm, irreparable or otherwise, due to any action by Defendant.

**SEVENTH DEFENSE**

Plaintiff failed to mitigate his damages, if any.

**EIGHTH DEFENSE**

If Plaintiff has sustained damages, those damages are incorrectly valued.

**NINTH DEFENSE**

Plaintiff's Complaint is barred in whole, by the equitable doctrines of acquiescence and/or estoppel. The Plaintiff knew the subject matter of its Complaint from 2019. The Plaintiff's practice is to display more than one copy of the same photograph, sometimes on more than one internet platform, with some copies of the photograph with CMI and some copies of the photograph without CMI. In this case, the Defendant was ignorant of the true facts and the Defendant relied on the Plaintiff's own conduct to its detriment.

**TENTH DEFENSE**

 Defendant reserves the right to assert additional defenses and/or supplement and amend this answer upon the discovery of more definite facts.

**REQUEST FOR RELIEF**

Wherefore, given Defendant's above response to the Complaint, Defendant respectfully requests that the Court grant it the following relief:

1. That the Complaint be dismissed with prejudice and judgment granted in Defendant's favor;

2. That the Court award Defendant its reasonable attorneys' fees in connection with this litigation pursuant to 17 U.S.C. § 505;

3. That the Court award Defendant its costs in connection with this litigation under 17 U.S.C. § 505; and

4. That the Court award Defendant such other and further relief as the Court deems just and proper.

**COUNTERCLAIM**

Defendant Blankenship Dry Goods, LLC, by and through its attorneys, Pendulum Legal P.C., by way of Counterclaim against plaintiff Bruce Cameron Davidson, alleges as follows:

**NATURE OF THE ACTION**

1. This action arises out of false distribution of Copyright Management Information pursuant to Section 1202(a) of the Digital Millenium Copyright Act (DMCA).

2. The Plaintiff knowingly distributed false copyright management information, with the intent of inducing copyright infringement.

3. The Plaintiff conducts the practice of distributing across various platforms the same photograph both with and without Copyright Management Information and then removes from distribution the photograph without CMI when a third party is captured using the photograph.

4. The practice of distributing the same photograph both with and without Copyright Management Information was applied to the Photograph that is the subject of the Plaintiff's Complaint filed in the United States Southern District of New York on November 8, 2024, against the Defendant.

5. At the time when the Plaintiff ought to have reasonably discovered that the Photograph was used by the Defendant, the copy of the Photograph without its CMI that was distributed by the Defendant was removed from online sources.

6. As a result of the foregoing, the defendant seeks statutory and actual damages, as well as attorney fees.

### THE PARTIES

7. Defendant Blankenship Dry Goods, LLC, is a New York Limited Liability Company with a principal place of business at 16 Greenwich Ave, Greenwich, CT 06830.

8. Plaintiff Bruce Cameron Davidson is an individual who, upon information and belief, is a citizen of the state of Virginia.

### JURISDICTION

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

10. This case involves a federal law issue in Copyright Law and of the Digital Millenium Copyright Act (DMCA).

### FACTS COMMON TO ALL CAUSES OF ACTION

11. **Exhibit 1** outlines the Plaintiff's regular and long-term practices of distributing the same photograph on more than one internet platform, with and without Copyright Management Information ("CMI").

12. The Plaintiff applied the practices shown in **Exhibit 1** and Paragraph 11 above to the Photograph that is the subject of the Complaint against the Defendant filed in the United States Southern District of New York on November 8, 2024 ("the Complaint").

13. By distributing multiple copies of the same photograph from the same alleged author or source, some copies with CMI, and other copies without CMI, the CMI that is being distributed, © Cameron Davidson, is false.

14. At the time that the Plaintiff ought to have reasonably discovered the use of the Photograph in 2019 by the Defendant or subsequent to 2019 and prior to bringing allegations of copyright infringement against the Defendant in 2024, the Plaintiff removed the copy of the Photograph that the Plaintiff distributed without its CMI.

15. Throughout the aforementioned practices, Plaintiff used various internet platforms, such as Instagram, Facebook, Pinterest, and Twitter, where once a post published without the

associated CMI is hidden or removed, the photographs will not appear again in a reverse image search.

16. The Plaintiff waited from 2019 to 2024 for claimed damages to accumulate, before making allegations of copyright infringement of the Photograph that is the subject of the Complaint and made false allegations that the CMI on the Photograph had been removed by the Defendant.

**COUNT ONE**

**PROVIDING COPYRIGHT MANAGEMENT INFORMATION THAT IS FALSE OR DISTRIBUTING COPYRIGHT MANAGEMENT INFORMATION THAT IS FALSE**

**AGAINST**

**BRUCE CAMERON DAVIDSON**

17. Defendant repeats and restates the allegations contained in the prior paragraphs of this counterclaim as if set forth more fully herein.

18. The Plaintiff's regular and long-term practices of distributing copies of the same photograph on more than one internet platform, with and without Copyright Management Information ("CMI"),  constituted distribution of copyright management information that was false to induce infringement pursuant to Sections 17 U.S.C. 1202(a)(1) and 1202(a)(2).

19. The Plaintiff, by applying these practices to the Photograph that is the subject of its Complaint filed in the United States Southern District of New York on November 8, 2024, against the Defendant, has induced any claimed infringement of the Photograph by the Defendant.

20. As a direct and proximate result of the Plaintiff's actions, the Defendant has suffered and will continue to suffer damages in an amount to be proven at trial.

**WHEREFORE**, by reason of the foregoing, Defendant Blankenship Dry Goods, LLC, hereby respectfully requests the following relief:

1. Entry of judgment in favor of defendant Blankenship Dry Goods, LLC, on each and every cause of action;

2. Award of statutory and actual damages;

3. Costs of suit and attorneys' fees; and

4. Such other and further relief as the court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant demands trial by jury on all issues so triable.

15

Dated: February 25, 2025

Respectfully submitted,

Sarah T. Haddad, Esq.
Pendulum Legal P.C.
353 Lexington Avenue
4th Floor, Suite 400
New York, NY 10016
Tel: (646) 901-4594
Email: shaddad@pendulumlegal.com
Counsel for Defendant