UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRUCE CAMERON DAVIDSON,

                Plaintiff,

— against —

BLANKENSHIP DRY GOODS LLC,

                Defendant.

Case No.: 1:24-cv-07544

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
DISMISSING PLAINTIFF'S AMENDED COMPLAINT**

**CRISCIONE RAVALA, LLP**
250 Park Avenue, 7th Floor
New York, NY 10177
*Attorneys for Defendant*

# TABLE OF CONTENTS

**TABLE OF CONTENTS** .................................................................................................................. ii

**TABLE OF AUTHORITIES** ......................................................................................................... iii

**PRELIMINARY STATEMENT** ......................................................................................................1

**BACKGROUND** ..............................................................................................................................2

**SUMMARY JUDGMENT STANDARD** ........................................................................................4

**ARGUMENT** ...................................................................................................................................5

   1.  **DAVIDSON'S CLAIMS ARE TIME-BARRED BY STATUTE OF LIMITATIONS** .5

**CONCLUSION** ................................................................................................................................8

# TABLE OF AUTHORITIES

**US SUPREME COURT CASES**

*Celotex Corp. v Catrett*,
    477 U.S. 317 (1986) ............................................................................................ 4, 5

**FEDERAL CASES**

*Gallo v Prudential Residential Servs., Ltd.*,
    22 F.3d 1219 (2d Cir. 1994) ....................................................................................... 5

*Hayden v Koons*,
    2025 US Dist LEXIS 33345 (SDNY 2025) ............................................................... 7

*Kramer v Time Warner Inc.*,
    937 F.2d 767 (2d Cir. 1991) ....................................................................................... 7

*Merchant v Levy*,
    92 F.3d 51 (2d Cir. 1996) ........................................................................................... 6

*Michael Grecco Prods., Inc. v RADesign, Inc.*,
    112 F.4th 144 (2d Cir. 2024) ...................................................................................... 5

*Minden Pictures, Inc. v Buzzfeed, Inc.*,
    390 F. Supp. 3d 461 (SDNY 2019) ............................................................................ 7

*Psihoyos v John Wiley & Sons, Inc.*,
    748 F.3d 120 (2d Cir. 2014] [emphasis added]) ..................................................... 5, 6

**FEDERAL STATUTES**

Title 17 U.S.C. § 501 ............................................................................................................ 1

Title 17 U.S.C. § 505 ......................................................................................................... 1, 8

Title 17 U.S.C. § 507 ............................................................................................................ 5

Title 17 U.S.C. § 1202(b) ..................................................................................................... 1

**FEDERAL RULES**

Fed. R. Civ. P. 56 .................................................................................................................. 4

Defendant, Blankenship Dry Goods, LLC ("Blankenship" or "Defendant"), by its attorneys, Criscione Ravala, LLP, respectfully submits this Memorandum of Law in support of its motion for an Order (i) pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting Defendant's Motion for Summary Judgment dismissing the Amended Complaint; (ii) awarding Defendant prevailing party attorneys' fees pursuant to 17 U.S.C. § 505; and (iii) granting such other relief as this Court deems just and proper.

## PRELIMINARY STATEMENT

Davidson filed this action on October 4, 2024 and amended his Complaint on November 8, 2024, alleging completely stale claims against Blankenship for (1) copyright infringement under the United States Copyright Act (the "Copyright Act"), 17 U.S.C. § 501; and (2) removal of copyright management information ("CMI") under Copyright Act 17 U.S.C. § 1202(b).

Davidson's copyright claims, which pertain to a singular photograph that was displayed on Blankenship's website no later than August 8, 2020, should be dismissed as an untimely lawsuit to eke out a minimal license fee by a serial copyright litigant. Because Davidson, a sophisticated commercial photographer with years of experience in the photo licensing business and with infringement monitoring tools, failed to file suit until long after he had constructive notice of the alleged infringement, it is simply too late for Davidson to seek relief from this Court.

As set forth at length below, this action should summarily be dismissed as time-barred. There is no genuine issue of material fact that Davidson's copyright claims accrued well before October 4, 2021, at which time he reasonably should have known of the existence of the allegedly infringing work. Despite such constructive knowledge, Davidson did not commence this action until October 4, 2024, and he is permanently time-barred by the Copyright Act's three-year statute of limitations.

1

Because there are no material questions of fact that Davidson was on inquiry notice of the alleged infringement more than three years prior to suit, the law mandates that Plaintiff's Amended Complaint be dismissed as time-barred.

## BACKGROUND

The relevant undisputed facts are set forth in the accompanying Local Civil Rule 56.1 Statement ("56.1 Statement"), and the Declaration of Galen J. Criscione, dated August 11, 2025, with exhibits ("Criscione Decl."). The salient undisputed facts are briefly summarized as follows:

### I.  Davidson

Davidson is a professional photographer (56.1 Statement, ¶ 1). Davidson has been published in over thirty publications, has photographed campaigns for numerous brands, and has won many awards (56.1 Statement, ¶ 2; Criscione Decl., Ex. C, ¶ 2). Davidson is also a litigious copyright plaintiff, having filed no less than eighteen (18) other copyright infringement actions in federal court since 2019 (56.1 Statement, ¶ 5; Criscione Decl., Ex. D, at 9-10; Ex. F).

Davidson primarily takes aerial photographs via helicopter or high-end drones (56.1 Statement, ¶ 1). Many of the photographs that Davidson takes appear on his website (CameronDavidson.com), and on the platform Aerial Stock, which is an online library of images that are available for license (56.1 Statement, ¶ 3).

### II.  Davidson's Work

On October 4, 2015, Davidson took a photograph entitled "CD_2015_0914_0029_xgaplus" (hereinafter the "Work") of an image of Manhattan with the East and the Hudson Rivers from a helicopter (56.1 Statement, ¶ 11; Criscione Decl., Ex. C, ¶ 10).

The Work was uploaded to Aerial Stock on October 4, 2015, and has been offered for licensing on Aerial Stock since that time without interruption (56.1 Statement, ¶ 11). Davidson

registered the image with the U.S. Copyright Office within 90 days of the photograph being taken, *i.e.,* in November or early December 2015 (56.1 Statement, ¶ 13).

### III. Davidson Retains Visual Rights Group

Davidson retained a company named Visual Rights Group ("VRG") since around 2019 to assist him in detecting infringements of his photographs, and he has used VRG exclusively since then to assess infringements of his photographs (56.1 Statement, ¶ 4).

The process by which Davidson discovers a potential infringement through VRG is as follows: Davidson uploads all of the images that are on his website and on Aerial Stock to VRG's platform so that VRG can scour the web for potentially infringing uses (56.1 Statement, ¶ 6).

Then Davidson logs into VRG's website, which contains a dashboard containing reports identifying possibly infringing images that VRG has found on the web. The report shows the use of the image, where the image is located on that server, and its presentation on a webpage so that Davidson can review it (56.1 Statement, ¶ 7).

Davidson routinely checks this dashboard for reports about "once a month" (56.1 Statement, ¶ 8).

Once VRG identifies a possible infringement, Davidson verifies whether the website in question has obtained a license from him, and if it has not done so, then Davidson marks it and sends it to VRG to explore it more (56.1 Statement, ¶ 9).

After VRG explores it more, it then lets Davidson know that attorneys have looked at the offending infringement and then they decide if it is worth contacting the alleged infringer (56.1 Statement, ¶ 10).

When Davidson engaged VRG in around 2019, his initial upload to VRG's website at that time was all of the images that he already had on Aerial Stock's site for infringement monitoring (56.1 Statement, ¶ 14).

IV. **Davidson' Inquiry Notice as to Blankenship's Alleged Infringement**

Davidson produced a document in discovery which was a report (the "Details of Publication") generated by VRG relating to the Work that he was asked about at his deposition (56.1 Statement, ¶ 16; Criscione Decl., Ex. E).

According to the Details of Publication, the Work had been located on Blankenship's server with an "earliest established date of publication" of August 8, 2020 (56.1 Statement, ¶ 17; Criscione Decl., Ex. E).

Davidson has not produced any records showing evidence of any investigation by him between August 8, 2020 and October 4, 2021 of any use of the Work by Blankenship or by any other third party (56.1 Statement, ¶ 20).

Davidson did not file suit against Blankenship until October 4, 2024, more than four years after the established date of publication on August 8, 2020 (*compare* Criscione Decl., Ex. E and Ex. B).

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law" (Fed. R. Civ. P. 56[c]).

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the matter that "it believes demonstrate[s] the absence of a genuine issue of material fact" (*see Celotex Corp. v Catrett*, 477 US 317, 323 [1986]).

4

When a motion for summary judgment is properly supported by documentary and testimonial evidence, the nonmoving party may not rest upon the mere allegations or denials of the pleadings, but must present sufficient probative evidence to establish a genuine issue of material fact (*Celotex*, 477 U.S. at 327).

"[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them" (*Gallo v Prudential Residential Servs., Ltd.*, 22 F3d 1219, 1224 [2d Cir 1994]).

If the nonmoving party "fail[s] to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then "the moving party is entitled to judgment as a matter of law" (*Celotex*, 477 U.S. at 322-23).

## ARGUMENT

### DAVIDSON'S CLAIMS ARE TIME-BARRED BY THE APPLICABLE THREE-YEAR STATUTE OF LIMITATIONS

As a matter of law, Davidson's copyright claims are time-barred, and the Amended Complaint should be dismissed as a result.

The Copyright Act's statute of limitations section provides that an infringement action must be "commenced within three years after the claim accrued" (17 U.S.C. § 507[b]).

Under the so-called "discovery rule" employed by the Second Circuit, a copyright infringement claim accrues when "the copyright holder discovers, **or with due diligence should have discovered**, the infringement" (*see Psihoyos v John Wiley & Sons, Inc.*, 748 F3d 120, 124 [2d Cir 2014] [emphasis added]); *Michael Grecco Prods., Inc. v RADesign, Inc.,* 112 F4th 144, 151 [2d Cir 2024]).

5

The failure to sue within three years from accrual of a copyright claim requires dismissal of that claim and any rights or remedies that would flow from that claim (*see Merchant v Levy*, 92 F3d 51, 56 [2d Cir 1996]).

In its Answer to the Amended Complaint, Blankenship asserts a number of affirmative defenses, including that Davidson's claims are barred by the fixed three-year statute of limitations for copyright claims (Criscione Decl., Ex. D at 9-10).

Davidson commenced this action on October 4, 2024 (Criscione Decl., Ex. B). Thus, to be timely, Davidson must have been unable, with the exercise of due diligence, to discover the infringing activity prior to October 4, 2021, three years before the complaint was filed (*see Psihoyos*, 748 F3d at 124-25).

It cannot seriously be disputed that Davidson was on inquiry notice of Blankenship's alleged infringement more than three years prior to his bringing this action. Davidson began working with VRG as early as 2019 to seek out potentially infringing works. He uploaded his images from Aerial Stock and his website at that time to VRG's site for infringement monitoring. VRG issued reports on his dashboard about its potential infringement findings, so that Davidson could review them and determine whether to take action. Davidson made monthly checks of the VRG dashboard for potential infringements.

Although in the Amended Complaint, Davidson claims that he actually *discovered* Blankenship's alleged infringement of his Work in May 2024 (*see* Criscione Decl., Ex. C ¶ 16) and testified as such (56.1 Statement, ¶ 18), a reasonably diligent person in Davidson's position *should have* discovered it prior to October 4, 2021. Indeed, a report generated by VRG, the service Davidson uses to monitor infringement, identified the image as appearing on Blankenship's server with an earliest established date of publication of August 8, 2020 (*see*

6

Criscione Decl., Ex. E). It strains reason to believe that Davidson was not fully aware of the publication before 2024. But regardless, it cannot be disputed that he *should have* discovered it.

Davidson had access to monitoring tools and sophisticated licensing practices in place sufficient to enable him to discover the alleged infringing use especially as he was monitoring his dashboard on a monthly basis. Yet he waited more than four years (or more than 49 months of dashboard checks) before filing suit. Objectively speaking, Davidson's supposed failure to discover the existence of Blankenship's alleged infringement until *2024*, even if true, was patently unreasonable under the circumstances (*see Hayden v Koons*, 2025 US Dist LEXIS 33345 [SDNY 2025] [granting summary judgment dismissing copyright claims because a "'reasonably diligent' person in [the] plaintiff's position should have discovered the alleged infringement" prior to three years before he filed suit]).

This implausibility particularly rings true for someone like Davidson, a serial litigator[1], who is perpetually concerned about the infringement of his copyright, as is demonstrated by his retention of VRG in 2019 and his filing of numerous other lawsuits to protect his copyrights since 2019 (*see, e.g., Minden Pictures, Inc. v Buzzfeed, Inc.*, 390 F Supp 3d 461, 467 [SDNY 2019] [imposing constructive knowledge on sophisticated serial litigant for statute of limitations purposes; finding that "a reasonable copyright holder in [plaintiff's] position — that is, a seasoned litigator that has filed 36 lawsuits to protect its copyrights, beginning as early as July of 2010 — should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period"]).

---

[1] Federal court records indicate that Davidson has filed 17 other copyright lawsuits since *2019* (*see Kramer v Time Warner Inc.*, 937 F2d 767, 774 [2d Cir 1991] ["[C]ourts routinely take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings."])

7

Given that Davidson's business is designed to protect and enforce the copyrighted works that he licenses, and has a system in place for identifying infringing works through VRG, it is not plausible that Davidson in exercising reasonable diligence, would not have discovered the alleged infringing use here until more than four years after the alleged infringement occurred as verified by VRG's own records.  Davidson cannot overcome the statute by emphasizing delayed discovery when he had access to information to verify earlier detection.

Simply put, there is no genuine dispute of material fact concerning whether Davidson was on inquiry notice about Blankenship's alleged infringement prior to October 4, 2021. As a result, the Court should grant summary judgment to Blankenship dismissing the entirety of Davidson's claims.

## CONCLUSION

For all the reasons set forth above, Plaintiff's Amended Complaint should be dismissed with prejudice, and Defendant should be awarded prevailing party attorneys' fees and costs pursuant to 17 U.S.C. § 505, together with such other and further relief as the Court deems just and proper.

Dated:  August 11, 2025
       New York, New York

                                        **CRISCIONE RAVALA, LLP**

                                        By: */s/ Galen J. Criscione*
                                        Galen J. Criscione, Esq
                                        250 Park Avenue, 7th Floor
                                        New York, NY 10177
                                        T: (212) 920-7142
                                        F: (800) 583-1787
                                        E: gcriscione@lawcrt.com
                                        *Counsel for Defendant*