## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## MANHATTAN DIVISION

BRUCE CAMERON DAVIDSON,

               Plaintiff,

v.

BLANKENSHIP DRY GOODS LLC,

               Defendant.

**CASE NO.: 1:24-CV-07544-AS-RFT**

## PLAINTIFF BRUCE CAMERON DAVIDSON'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Dated: August 13, 2025

JORDAN I. ABISROR
jordan.abisror@sriplaw.com
JOSEPH A. DUNNE
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.475.9070 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Bruce Cameron Davidson*

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    SUMMARY OF THE ACTION ......................................................................... 1

III.   LEGAL STANDARD ........................................................................................ 3

   A.  Summary Judgment Standard. ..................................................................... 3

   B.  Damages Standard ....................................................................................... 4

   C.  Request For Admissions Standard ............................................................... 4

IV.    ANALYSIS ........................................................................................................ 5

   A.  Davidson is entitled to summary judgment on his copyright infringement claim. ........... 5

       1.  Plaintiff is the owner of a valid copyright. ......................................... 5

       2.  Defendant copied and displayed the copyrighted Work without authorization. ........... 6

   B.  Davidson is entitled to summary judgment on his §1202 claim ...................... 8

       1.  Davidson's Work contained copyright management information .................... 8

       2.  Blankenship copied, displayed and distributed the Work by publishing the Work on its
           Website. ............................................................................................. 8

       3.  Blankenship altered the Work and removed the copyright management information
           without Davidson's permission ............................................................ 9

       4.  Blankenship either knew or had reasonable grounds to know that publishing the altered
           Work on its Website will conceal the infringement ............................... 10

   C.  Defendant's Affirmative Defenses to Liability Should be Dismissed ............. 11

       1.  Defendant's Statute of Limitation's First Affirmative Defense should be dismissed. .. 11

       2.  Defendant's Doctrine of Laches Second Affirmative Defense should be dismissed. .. 12

       3.  Defendant's Third Affirmative Defense for Failure to State a Claim should be
           dismissed. ........................................................................................ 13

       4.  Defendant's Fourth Affirmative Defense for Fair Use should Be Dismissed ............. 13

       5.  Defendant's Fifth Affirmative Defense should be dismissed. ....................... 17

       6.  Defendant's Sixth Affirmative Defense should be striken. .......................... 18

       7.  Defendant's Seventh Affirmative Defense Should be Striken. ..................... 18

       8.  Defendant's Eighth Affirmative Defense Should be Striken. ....................... 18

       9.  Defendant's Ninth Affirmative Defense Should be Striken. ......................... 18

   D.  Davidson is Entitled to Statutory Damages ................................................ 18

       1.  Fair Market Value of the Work ............................................................ 19

       2.  Willful Statutory Damages .................................................................. 19

       3.  Statutory Damages Pursuant to 17 U.S.C. § 1203 ................................... 21

    4.   Factors the Court may consider when determining damages ........................................ 21

  E.   Davidson is entitled to legal fees and costs ...................................................... 24

    1.   Plaintiff is Entitled to Fees Under 17 U.S.C. § 505................................... 24

V.   CONCLUSION................................................................................................................ 25

# TABLE OF AUTHORITIES

## SUPREME COURT OPINIONS                                           PAGE(S)

*Campbell v. Acuff– Rose Music, Inc.*,
   510 U.S. 569 (1994) ................................................ 14, 16, 17

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................ 3

*F.W. Woolworth Co. v. Contemporary Arts, Inc.*,
   344 U.S. 228 (1952) ................................................ 19

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,
   499 U.S. 340 (1991) ................................................ 5

*Harper & Row Publishers, Inc. v. Nation Enters.*
   ................................................ *passim*

*Merck*,
   559 U.S. ................................................ 12

*Sony*,
   464 U.S. ................................................ 14, 17

*Stewart v. Abend*,
   495 U.S. 207 (1990) ................................................ 13

## FEDERAL COURT OPINIONS

2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016) ................................................ 21

*Agence France Presse v. Morel*,
   2010 U.S. Dist. LEXIS 139103 ................................................ 8

*Associated Press*,
   931 F.Supp.2d ................................................ 14, 15, 16

*Baker v. Urban Outfitters, Inc.*,
   254 F. Supp. 2d 346 (S.D.N.Y. 2003) ................................................ 18, 19

*Barcroft Media*,
   2017 WL 5032993 ................................................ 15

*Blanch v. Koons*,
   467 F.3d 244 (2d Cir. 2006) ................................................ 13, 14, 16

*Bridgeport Music, Inc. v. UMG Recordings, Inc.*,
   585 F.3d 267 (6th Cir. 2009) ................................................ 16

*Broad. Music, Inc. v. Prana Hosp., Inc.*,
   158 F. Supp. 3d 184 (S.D.N.Y. 2016) ................................................ 4, 20

*Bryant v. Media Right Prods., Inc.*,
   603 F.3d 135 (2d Cir. 2010) ................................................ 4, 19, 21

*Castle Rock,*
    150 F.3d ................................................................................................ 13

*Daley,*
    2016 U.S. Dist. LEXIS 83735 (M.D. Fla. June 28, 2016) ..................................... 17

*Davis v. Gap, Inc.,*
    246 F.3d 152 (2d Cir. 2001) .................................................................... 19

*Design Basics, LLC v. Roersma & Wurn Builders, Inc.,*
    2012 U.S. Dist. LEXIS 69422 ................................................................. 11

*Eclaire Advisor Ltd. v. Daewoo Engineering Co.,*
    375 F.Supp.2d 257 (S.D.N.Y. 2005) ......................................................... 13

*EMI April Music Inc. v. Rodriguez,*
    691 F. Supp. 2d 632 (M.D.N.C. 2010) ...................................................... 19

*F.D.I.C. v. Giammettei,*
    34 F.3d 51 (2d Cir. 1994) ...................................................................... 11

*Fitzgerald Publ'g Co. v. Baylor Publ'g Co.,*
    807 F.2d 1110 (2d Cir. 1986) .................................................................. 4

*Fustok v. ContiCommodity Servs. Inc.,*
    873 F.2d 38 (2d Cir. 1989) ..................................................................... 18

*Getty Images*
    (US), Inc. v. Virtual Clinics, No. C13-0626JLR, 2014 WL 1116775 (W.D. Wash. Mar. 20, 2014) ................................................................................................ 20

*Graduate Mgmt. Admission Council v. Raju,*
    267 F. Supp. 2d 505 (E.D. Va. 2003) ........................................................ 20

*H. Daya Int'l Co. v. Do Denim LLC,*
    2012 U.S. Dist. LEXIS 92227 (S.D.N.Y. June 29, 2012) .................................. 18

*H.L. Hayden Co. v. Siemens Medical Systems, Inc.,*
    879 F.2d 1005 (2d Cir. 1989) .................................................................. 4

*House v. Kent Worldwide Machine Works, Inc.,*
    359 F. App'x 206 (2d Cir. 2010) .............................................................. 18

*Iantosca v. Elie Tahari, Ltd., No. 19-cv-04527*
    (MKV), 2020 U.S. Dist. LEXIS 171512 (S.D.N.Y. Sep. 18, 2020) ....................... 11

*Ivani Contracting,*
    103 F.3d ............................................................................................. 12

*Jorgensen v. Epic/Sony Records,*
    351 F.3d 46 (2d Cir. 2003) ..................................................................... 5

*L.A. Printex Indus., Inc. v. Doe,*
    543 Fed. Appx (2d Cir. 2013) ................................................................. 19

*Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.,*
    764 F. App'x 39 (2d Cir. 2019) ............................................................... 24

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

*M.H. Segan Ltd. Partnership v. Hasbro, Inc.*,
   924 F. Supp. 512 (S.D.N.Y. 1996) ................................................................. 6

*Mahan v. ROC Nation, LLC*,
   634 F. App'x 329 (2d Cir. 2016) ................................................................. 24

*Mango v. BuzzFeed, Inc.*,
   397 F. Supp. 3d 368 (S.D.N.Y. 2019) ......................................................... 24

*Mango v. BuzzFeed, Inc.*,
   970 F.3d 167 (2d Cir. 2020) ........................................................ 9, 108, 9, 10

*Manhattan Review LLC v. Yun*,
   919 F.3d 149 (2d Cir. 2019) ....................................................................... 24

*Marino v. Schult*,
   764 Fed. Appx. 73 (Apr. 4, 2019) ................................................................ 4

*Michael Grecco Prods., Inc. v. Valuewalk, LLC*,
   345 F. Supp. 3d 482 (S.D.N.Y. 2018) ......................................................... 12

*Monge v. Maya Magazine, Inc.*,
   688 F.3d 1164 (9th Cir. 2012) .................................................................... 13

*N.Y.S. Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc.*,
   426 F.3d 640 (2d Cir. 2005) ........................................................................ 4

*NXIVM Corp. v. Ross Inst.*,
   364 F.3d 471 (2d Cir. 2004) ................................................................. 14, 15

*Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*,
   684 F.2d 821 (11th Cir. 1982) .................................................................... 24

*Paniagua v. Walter Kidde Portable Equip., Inc.*,
   183 F. Supp. 3d 473 (S.D.N.Y. 2016) ........................................................... 5

*Pellegrino v. Capital One, No. 19-CV-851Si*
   (F), 2021 U.S. Dist. LEXIS 210197 (W.D.N.Y. July 28, 2021) ..................... 4, 5

*PK Studios, Inc.*,
   2016 U.S. Dist. LEXIS 116057 (M.D. Fla. Aug. 30, 2016) .......................... 17

*Price v. Fox Entm't Grp., Inc., No. 05-cv-5259*,
   2007 U.S. Dist. LEXIS 6081, 2007 WL 241387 (S.D.N.Y. Jan. 26, 2007) ......... 12

*Psihoyos*,
   1198 WL 336655 ........................................................................................ 14

*Realsongs v. 3A N. Park Ave. Rest Corp.*,
   749 F. Supp. 2d 81 (E.D.N.Y. 2010) ........................................................... 20

*Ringgold v. Black Entertainment Television, Inc.*,
   126 F.3d 70 (2d Cir. 1997) .................................................................. 14, 17

*Rogers*,
   960 F.2d ........................................................................................... 15, 18

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

*Row*, 471 U.S. at 568–69.*" Balsley*
   Balsley, 691 F.3d ................................................................................................... 17

*Sarl Louis Feraud Intern. v. Viewfinder, Inc.*,
   627 F.Supp.2d 123 (S.D.N.Y. 2008) ....................................................................... 14

*Sheldon v. Plot Commerce, No. 15 Civ. 5885*,
   2016 WL 5107072 (E.D.N.Y. Aug. 26, 2016) ......................................................... 21

*Sohm v. Scholastic, Inc.*,
   2018 U.S. Dist. LEXIS 53490, 2018 WL 1605214 (S.D.N.Y. Mar. 28, 2018) ...... 12

*Teri Woods Publ'g, L.L.C. v. Williams*,
   No. 12-4854, 2013 WL 6179182 (E.D. Pa. Nov. 25, 2013) .................................... 20

*Tetra Images, LLC v. Grahall Partners, LLC, No. 19-CV-05250*
   (PMH), 2021 U.S. Dist. LEXIS 125809 (S.D.N.Y. July 6, 2021) .......................... 20

*Tomka v. Seiler Corp.*,
   66 F.3d 1295 (2d Cir. 1995) .................................................................................. 3-4

*Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*,
   996 F.2d 1366 (2d Cir. 1993) ................................................................................. 19

*United States Media Corp. v. Edde Entm't, Inc.*,
   1996 U.S. Dist. LEXIS 13389 (S.D.N.Y. Sep. 10, 1996) ......................................... 4

*Zomba Enterprises, Inc. v. Panorama Records, Inc.*,
   491 F.3d 574 (6th Cir. 2007) .................................................................................. 16

*Zuma Press v. Getty Images Us*,
   845 F. App'x 54 (2d Cir. 2021) ............................................................................... 24

## UNITED STATES CODE

17 U.S.C. § 106 ............................................................................................................... 2

17 U.S.C. § 107 ....................................................................................................... 13, 16

17 U.S.C. § 410 ............................................................................................................... 6

17 U.S.C. § 504 ................................................................................................. 18, 19, 25

17 U.S.C § 505 ............................................................................................................... 24

17 U.S.C. § 1202 ..................................................................................................... 8, 21, 23

17 U.S.C. § 1203 ..................................................................................................... 20, 21

## STATE CASES

2017 WL 2644209 (D.S.C. June 20, 2017) ............................................................. 19-20

*Wilson v. Nat'l Bikers Roundup Inc., No. CV 3:15-4862-MGL-SVH*,
   2017 WL 9275157 (D.S.C. May 12, 2017) ............................................................. 19

## STATE STATUTES

N.Y., Dec. 23, 2010 ............................................................................................................ 8

Section 107 ....................................................................................................................... 13

Section 410 ......................................................................................................................... 6

## RULES

Fed. R. Civ. P. 8 ............................................................................................................... 17

Fed. R. Civ. P. 11 ..................................................................................................... 2, 3, 23

Fed. R. Civ. P. 26 ............................................................................................................. 22

Fed. R. Civ. P. 36 .................................................................................................... 4, 5, 6, 7

Fed. R. Civ. P. 55 ............................................................................................................. 18

Fed. R. Civ. P. 56 ..................................................................................................1, 3,  4, 11

## I.  <u>INTRODUCTION</u>

Plaintiff by and through his undersigned counsel, in accordance with Fed. R. Civ. P. 56 and upon the accompanying L.R. 56.1 statement of undisputed facts ("SOF"), Declaration of Jordan Abisror ("Abisror Decl."), and Declaration of Bruce Cameron Davidson ("Davidson Decl."), respectfully submits this motion for summary judgment and incorporated memorandum of law on his copyright infringement, removal of copyright management information, and an award damages in accordance with 17 U.S. Code §§ 504 and 1202.

## II.  <u>SUMMARY OF THE ACTION</u>

This matter involves a unique aerial photograph depicting downtown New York City ("Work").

Plaintiff, Bruce Cameron Davidson (hereinafter "Davidson), is a photographer who has found a way to shoot landscapes from different perspectives and create graphic images that challenge the viewer's expectations. He has traveled all over the world, spent countless hours flying around in helicopters, and embraced extreme temperatures all to capture the most spectacular aerial photographs. Davidson has been published in over thirty publications, has photographed campaigns for numerous brands, and won awards in Lurzers Archive, Communication Arts, Graphis and American Photographer. (Davidson Decl. ¶2).

Defendant, Blankenship Dry Goods ("Blankenship"), is a manufacturer and brand that features American-made products handcrafted in Manhattan. They are a New York Limited Liability Company, with its principal place of business at 16 Greenwich Avenue, Greenwich, Connecticut, 10021. (ECF 33, ¶¶3, 9). In addition to its manufacturing business, Blankenship operates a brick-and-mortar store in Greenwich, Connecticut. (Davidson Decl. ¶8). At all times relevant herein, Blankenship owned and operated the internet website located at the internet URL www.blankenshipdrygoods.com (the "Website"). (SOF, ¶ 8).[1]

---

[1] More information can be found on Blankenship at its' Website here: https://www.blankenshipdrygoods.com/?srsltid=AfmBOoqFb3OeEsFtvtQ0PzPnecsXtJtBA2yqNeSxrm2Hz6BRNJf5lGFb

On or about May 14, 2024, Davidson brought this claim for violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and distribute Davidson's original copyrighted Work of authorship. (ECF 9, ¶¶ 1, 16). Davidson's Work "CD_2015_0914_0029_xgaplus", which depicts an aerial view of downtown New York City, was copied by Blankenship and uploaded to the Website in order to advertise, market and promote its business activities. (Davidson Decl. ¶7).[2]

Plaintiff filed his First Amended Complaint on November 8, 2024 pleading that Defendant violated the Federal Copyright Act by displaying and distributing Davidson's original copyrighted Work. (ECF 9). On January 13, 2025, Defendant moved to dismiss the action on the basis that Defendant's use is fair use, that Plaintiff did not prove valid Copyright ownership of the Work, and that Plaintiff did not validly prove a violation of DMCA 1202(b). (ECF 17). On January 29, 2025, Plaintiff opposed Defendant's Motion to Dismiss. (ECF 19). Notably, Defendant filed an opposition to the opposition on the grounds that it was filed one day late, forcing the Plaintiff to file a Nunc Pro Tunc motion. (ECF 21). Shortly thereafter, the Court granted Plaintiff's nunc pro Tunc motion. (ECF 23). On February 12, 2025, the Court denied Defendant's motion to dismiss. (ECF 31). Shortly thereafter, Defendant filed an appeal to the Second Circuit. (ECF 32). Defendant then filed their Answer, Affirmative Defenses and Counterclaim on February 25, 2025. (ECF 33).

Plaintiff notified Defendant that the appeal was frivolous and requested that Defendant withdrew the appeal. (Abisror Decl. ¶27). In addition, Plaintiff requested that Defendant withdraw the frivolous Counterclaims. (Id.). After Defendant refused to withdraw the appeal and the counterclaims, Plaintiff served Defendant's former counsel with a Rule 11 Motion. (Id.). Defendant's former counsel then filed her motion to withdraw as counsel. (ECF 34; Abisror Decl. ¶ 28). The Court denied that motion to withdraw. (ECF 35). Defendant's former counsel filed her second motion to withdraw. (ECF 36-38). Plaintiff then filed a motion to dismiss Defendant's Counterclaim on March 14, 2025. (ECF 39). The Court then granted Defendant's former counsel's motion to withdraw and issued a stay order to allow Defendant to find new counsel. (ECF 40).

---

[2] See ECF 9 ¶¶ 1-13.

Defendant's new counsel filed an appearance on April 11, 2025. (ECF 42). Plaintiff's counsel contacted Defendant's new counsel and advised them of the outstanding appeal, counterclaims, and outstanding Rule 11 Motion. Plaintiff urged Defendant to withdraw the appeal and the counterclaim. (Abisror Decl. ¶¶ 29-30).

Defendant agreed to dismiss their Counterclaim, and the Parties filed a Stipulation on April 29, 2025, which the Court Ordered as dismissed. (ECF 46 and 47). The Parties requested a joint extension to complete discovery, which was denied by the Court with the suggestion that the parties: "the Court encourages lead counsel to sit down face to face to see if this case can be resolved before investigating significant time and resources into this case." (ECFs 48, 49).

The Parties have engaged in discovery by exchanging documents and conducting depositions. All discovery closed on July 12, 2025. (ECF 29 and 43). To date, Plaintiff remains the only party to have made an offer of monetary resolution in this case. (Abisror Decl. ¶ 25). Defendnats have refused all efforts to resolve this matter.

For the reasons set forth below, and in the accompanying statement of undisputed material facts and the declarations and testimony filed in support, the motion should be granted, and this case should be set down for a trial on damages.

## III.    LEGAL STANDARD

### A.    Summary Judgment Standard.

A party may seek summary judgment with respect to all or part of a claim, and summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Where the non-moving party bears the burden of proof, "the burden on the moving party may be discharged by 'showing'- that is, pointing out to the district court- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Summary judgment must be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See, e.g., Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995); *H.L. Hayden Co. v. Siemens Medical Systems, Inc.*,

879 F.2d 1005, 1011 (2d Cir. 1989); *United States Media Corp. v. Edde Entm't, Inc.*, 1996 U.S. Dist. LEXIS 13389, at *6 (S.D.N.Y. Sep. 10, 1996).

Further, although pursuant to Fed. R. Civ. P. 56(e)(2), the nonmovant's failure to specifically address each statement of fact permits the court to deem such facts admitted, Rule 56 provides any unchallenged statements may be taken as true only insofar as such facts stated therein are supported by the record.[3]

### B.    Damages Standard

District courts have broad discretion to set the amount of the award within the statutory limits. *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1116-17 (2d Cir. 1986). In cases of willful infringement, "courts in this Circuit commonly award . . . statutory damages of between three and five times the cost of the licensing fees the defendant would have paid." *Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016).

When determining the appropriate amount of statutory damages to award for copyright infringement, courts may consider: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010).

### C.    Request For Admissions Standard

A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36(a)(3). Rule 36(a)(4) provides a party served with a request to admit is required either to admit the request, specifically deny it or

---

[3] *See Marino v. Schult*, 764 Fed. Appx. 73, 74 (Apr. 4, 2019) ("If a non-moving party fails to comply with local rules governing summary judgment, a district court may rely on a moving party's statement of undisputed facts as long as those facts are supported by the record.") (*citing N.Y.S. Teamsters Conference Pension & Ret. Fund v. Express Servs.*, Inc., 426 F.3d 640, 649 (2d Cir. 2005)); *Pellegrino v. Capital One*, No. 19-CV-851Si(F), 2021 U.S. Dist. LEXIS 210197, at *14 (W.D.N.Y. July 28, 2021).

**SRIPLAW**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

state in detail why the answering party cannot truthfully admit or deny it. *Pellegrino v. Capital One*, No. 19-CV-851Si(F), 2021 U.S. Dist. LEXIS 210197, at *15-16 (W.D.N.Y. July 28, 2021).

Rule 36(b) provides that the Court, on motion, may permit an admission to be withdrawn or amended if (1) 'it would promote the presentation of the merits of the action' (2) without 'prejudicing the requesting party in maintaining or defending the action on the merits. *Paniagua v. Walter Kidde Portable Equip., Inc.*, 183 F. Supp. 3d 473, 482 (S.D.N.Y. 2016) (alteration in original) (quoting Fed. R. Civ. P. 36(b)). Here, Defendant filed their responses to the requests for admission after 30 days had lapsed. (SOF ¶19). Defendant did not file a motion to extend the deadline of their responses, and Plaintiff did not consent to an extension of time for Defendant to response to Plaintiff's requests for admission. Therefore, there is no need for the Court to employ the two-factor test.

In the alternative, even if the Court were to employ the two-factor test, Defendant has not denied the facts: 1) Plaintiff has a copyrighted Work that was used on Defendant's website (SOF ¶ 23); and 2) Defendant's use of the image on the Website did not contain Plaintiff's copyright management information (SOF ¶ 26).

## IV.    ANALYSIS

### A.    Davidson is entitled to summary judgment on his copyright infringement claim.

"In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (*citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

#### 1.    Plaintiff is the owner of a valid copyright.

Plaintiff is the owner of the photograph entitled "CD_2015_0914_0029_xgaplus". (Davidson Decl. at ¶ 3). On December 1, 2015, Davidson registered the work with the Register of Copyrights, receiving registration number Vau 1-251-061. (Davidson Decl. at ¶ 5; Exhibit 1). At all relevant times herein, Davidson is the owner of the copyright registration. (Davidson Decl. at

¶ 6).  Section 410(c) of the Copyright Act creates a statutory presumption of validity for facts set forth in a copyright registration document. 17 U.S.C. § 410(c). This undisputed fact proves that Davidson's copyright was properly registered with the Register of Copyrights and there is a presumption of validity. *See* 17 U.S.C. §410(c); *see also M.H. Segan Ltd. Partnership v. Hasbro*, Inc., 924 F. Supp. 512, 518 (S.D.N.Y. 1996).

The record establishes Davidson's registration is presumptively valid and Defendant has failed to offer any evidence to rebut the presumption. Defendant cannot possibly meet its burden to rebut the presumption of validity based on the undisputed evidence in the record.

Defendants have not produced any evidence to dispute the presumption of validity. Accordingly, there is no genuine dispute of fact regarding Davidson's ownership of a valid registration in the Work.

### 2.    Defendant copied and displayed the copyrighted Work without authorization.

On or about May 14, 2024, Davidson discovered his altered Work posted on Defendant's website at the publicly available URL www.blankenshipdrygoods.com ("Website"). (Davidson Decl. at ¶ 7). Defendant owns, controls, and/or operates the Website. (SOF at ¶ 20). Davidson's Work was used as a main informative image of Defendant's commercial Website. (Davidson Decl. at ¶ 9; Exhibit 2).

During Defendant's deposition, Defendant admitted that the Work they displayed on the Website was the same as Plaintiff's work.[4]

Plaintiff served its First Request For Admissions on June 5, 2025, and Defendant failed to timely admit or deny 10 requests for admission which are therefore deemed admitted under Fed. R. Civ. P. 36(a)(3). (Abisror Decl. ¶¶9-18; Exhibit 5). Furthermore, Defendant has not filed a motion to extend their deadline to respond to the requests.

---

[4] Blankenship Depo. Page 116, Lines 23-25; Page 117, Lines 1-3. (Q: The image that was included in Exhibit 2, which is the alleged infringement, is the same picture of downtown Manhattan; is that correct? A: Okay…Without a watermark.)

Pursuant to Rule 36, Defendants deadline to respond to Plaintiff's First Request For Admissions was July 5, 2025, however Blankenship did not serve its response until July 9, 2025, after Defendant was asked about them during their Deposition. These responses were received four days after the deadline had passed. (SOF ¶19). Defendant did not seek an extension of time to respond to the Requests for Admission, therefore, they are deemed admitted under Rule 36. (Id.)

The requests for admission included the following requests (SOF at ¶ 19-26; Abisror Decl. at ¶ 10; Exhibit 5):

(1) Admit that You own the Website as alleged in the Complaint.

(2) Admit that You operate the Website as alleged in the Complaint.

(3) Admit that the screenshots attached as Exhibit 2 to the Complaint accurately represent the appearance of the Website on May 14, 2024.[5]

(4) Admit that You have never been licensed to use the Work for any purpose.

(5) Admit that Plaintiff never gave You permission or authority to copy, distribute or display the Work.

(8) Admit that You displayed the Work on the Website.

(10) Admit that You did not have permission to display the Work at issue.

The requests for admission were not timely responded to under Rule 36, therefore, it is deemed admitted that (1) Blankenship owns and operates the website www.blankenshipdrygoods.com; (2) the Website contained Plaintiff's work; and (3) Plaintiff's Work was used as an informational image for the Website as depicted in Exhibit 2 of the Amended Complaint. Fed. R. Civ. P. 36(a)(3).

Even without the admissions being deemed admitted, the record establishes that there is no genuine dispute of fact that Defendant Blankenship (1) owns the Website; (2) copied the Work; (3) altered the Work to remove Plaintiff's copyright management information; (4) published the

---

[5] Plaintiff's First Amended Complaint. (ECF 9, Exhibit 2).

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

altered Work on its Website for promoting its clothing manufacturing and distribution services, all

without permission, authority, or license from Davidson. (SOF at ¶¶ 8, 16-26).

**B.**    **Davidson is entitled to summary judgment on his §1202 claim**

To establish a claim under 17 U.S.C. § 1202(b)(3), a plaintiff must prove:

> (1) the existence of copyright management information ("CMI") in connection with a copyrighted work; and (2) that a defendant distributed works or copies of works; (3) while knowing that CMI has been removed or altered without authority of the copyright owner or the law; and (4) while knowing, or having reasonable grounds to know that such distribution will induce, enable, facilitate, or conceal an infringement. *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 171 (2d Cir. 2020) (punctuation omitted) (quoting 17 U.S.C. § 1202(b)(3)).

**1.**    **Davidson's Work contained copyright management information**

At the time Davidson published the Work, Davidson applied copyright management

information to the Work consisting of his name and copyright indication, "© Cameron Davidson"

which is visible in the bottom of the Work. (Davidson Decl. at ¶ 4). *Agence France Presse v.*

*Morel,* 2010 U.S. Dist. LEXIS 139103, *25 (S.D.N.Y., Dec. 23, 2010)("[T]he statutory definition

of CMI, [] includes '[t]he name of, and other identifying information about, the author of a work'

or 'the copyright owner of the work.'" (quoting 17 U.S.C. § 1202(c)(2)-(3)). Davidson registered

the Work on December 1, 2015, and was assigned the registration number Vau 1-251-061.

(Davidson Decl. at ¶ 5; Exhibit 1). Therefore, Davidson has satisfied this element.

**2.**    **Blankenship copied, displayed and distributed the Work by**
**publishing the Work on its Website.**

It is undisputed that Defendant published the photograph to the Website (SOF ¶¶ 21-23),

and Plaintiff satisfied the second element for a claim under 17 U.S.C. § 1202(b)(3). *Mango.,* 970

F.3d at 173.

Blankenship does not contest that the Work was published on its Website. In its answer to

Plaintiff's interrogatories, Defendant identified Blankenship as the owner of the Website. (SOF at

¶ 17; Abisror Decl. at ¶ 8; Exhibit 4 at ¶ 6). Defendant admitted that they displayed the Work on

the Website. (SOF at ¶ 22, Exhibit 5 at ¶ 8).

In its deposition, Defendant identified Blankenship as the entity who published the Work. (SOF at ¶ 26; Abisror Decl. at ¶ 21; Exhibit 5).

Plaintiff met its burden to demonstrate that Blankenship published the Work on its Website, Defendant never contested that the Work was published on its Website, and the record does not and will contain any evidence to the contrary.

### 3.    Blankenship altered the Work and removed the copyright management information without Davidson's permission

When the Defendant posted Davidson's Work, the copyright management information consisting of Plaintiff's name "Cameron Davidson" was removed. (Davidson Decl. at ¶ 10). Plaintiff's Work was copied, cropped, displayed, and posted on Defendant's commercial Website to promote its clothing manufacturing and distribution services in New York City. (Davidson Decl. at ¶ 14; Exhibit 2). Furthermore, Davidson never provided a license to Blankenship to use the Work for any purpose. (Id. at ¶ 11).

Moreover, Plaintiff's requests for admission, to which Defendant untimely responded to, requested the following admissions:

(8) Admit that You displayed the Work on the Website;

(9) Admit that You cropped the Work at issue;

(SOF at ¶¶ 19, 21 and 26; Abisror Decl. at ¶ 10; Exhibit 5 at ¶¶ 8-9).

Additionally, during Defendant's deposition, Blankenship explained that when viewing the Work, they understood that the Work possessed Copyright Management Information.[6] Finally, Blankenship noted that the Work was displayed on the Website without the Copyright Management Information.[7]

---

[6] Blankenship Depo. Page 43, Lines 1-15: (Q: ...In your own words, what does the "c copyright Cameron Davidson" mean?.. what is your understanding of what that represents and what that means. A: That would be a copyright mark... mark-cation of copyright.)

[7] Id. Page 116, Lines 23-25; Page 117, Lines 1-3. (Q: The image that was included in Exhibit 2, which is the alleged infringement, is the same picture of downtown Manhattan; is that correct? A: Okay...Without a watermark.)

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

As admitted on the record, there is no genuine dispute of fact that Blankenship: (1) saw plaintiff's attribution on the Work; and (2) uploaded a cropped version of Plaintiff's Work prior to uploading and displaying plaintiff's Work on its Website.

### 4. Blankenship either knew or had reasonable grounds to know that publishing the altered Work on its Website will conceal the infringement

"[A] defendant's awareness that distributing copyrighted material without proper attribution of CMI will conceal his own infringing conduct satisfies the DMCA's second scienter requirement." *Mango v. Buzzfeed, Inc.*, 970 F.3d 167, 172 (2d Cir. 2020). Davidson's Work was cropped just above Plaintiff's CMI consisting of "© Cameron Davidson" and posted onto Defendant's commercial Website as the main informative image for the Website. (Davidson Decl. at ¶ 10, Exhibit 2).

During Blankenship's deposition, Defendant admitted understanding of the presence of Plaintiff's CMI on the Work.[8] (SOF at ¶ 27). Additionally, Defendant failed to timely respond to requests for admission. (SOF at ¶ 19; Exhibit 5). The requests asked Defendant to admit that Blankenship cropped the Work. (Abisror Decl. ¶ 17, Ex 2 at ¶ 9). Finally, Plaintiff asked Defendant to admit that Blankenship never licensed any photograph for the use on its website. (Abisror Decl. ¶ 14, Exhibit 5 at ¶ 4).

The undisputed evidence demonstrates that Blankenship either deliberately or unreasonably ignored the attribution of the Work prior to publishing the Work on the Website, including the removal of Cameron Davidson's name from the Work. (SOF ¶¶ 26-27). No genuine despite of fact exists that Defendants altered the Work and removed CMI, and knew or had reasonable grounds to know that publishing the altered Work on its Website will conceal its infringement of the Work.

---

[8] Id. Page 43, Lines 1-15.

**SRIPLAW**
California ◆ Florida ◆ Georgia ◆ Indiana ◆ New York ◆ Tennessee ◆ Texas

### C.    Defendant's Affirmative Defenses to Liability Should be Dismissed

Where "there are no genuine disputes of material fact that bear on these issues, the Court can resolve Defendant's affirmative defenses as a matter of law." *Iantosca v. Elie Tahari, Ltd*., No. 19-cv-04527 (MKV), 2020 U.S. Dist. LEXIS 171512, *13 (S.D.N.Y. Sep. 18, 2020).[9]

> Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense—on which the defendant bears the burden of proof at trial—a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence to support [an essential element of] the [non-moving party's] case. . . . After all, in cases where there is an absence of evidence to support an essential element of a defense, with respect to that defense there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the [defendant's affirmative defense] necessarily renders all other facts immaterial.

*F.D.I.C. v. Giammettei*, 34 F.3d 51, 54-55 (2d Cir. 1994)(internal quotations and citations omitted).

### 1.    Defendant's Statute of Limitation's First Affirmative Defense should be dismissed.

The only evidence produced during discovery by Defendants to attempt to support is Statute of Limitations claim, is that Plaintiff admits that the Infringing was first published in 2020. However, the date of first publication is not the relevant date, the relevant date is Plaintiff's discovery.

Defendants have not presented any evidence or argument in discovery as to "why they believe Plaintiff should have discovered the putative infringements any earlier than it did." *Design Basics, LLC v. Roersma & Wurn Builders, Inc*., 2012 U.S. Dist. LEXIS 69422, *7 (MIWD May 8, 2012). Defendants simply and conclusively state that since the images were on the internet in 2020, and internet searching is possible, Davidson should have discovered the infringement earlier. However, Defendants fail to point to any notice or conduct that would have triggered Davidson to

---

[9] Citing, *Harper & Row Publishers, Inc. v. Nation Enters*., 471 U.S. 539, 560, 105 S. Ct. 2218, 85 L. Ed. 2d 588 (1985) (evaluating the fair use affirmative defense as a matter of law after establishing the district court "found facts sufficient to evaluate each of the statutory factors")

search for infringements by Defendants. Defendants simply ignore the "storm warning" requirement to trigger such a duty.

> In determining the time at which discovery . . . occurred, terms such as inquiry notice and storm warnings may be useful to the extent that they identify a time when the facts would have prompted a reasonably diligent plaintiff to begin investigating…the limitations period does not begin to run until the plaintiff thereafter discovers or a reasonably diligent plaintiff would have discovered the facts constituting the violation."

*Merck*, 559 U.S. at 653.

To dispute the date on which the claims accrued in copyright cases, a defendant must produce evidence "that would have been sufficient to awaken inquiry." *Michael Grecco Prods., Inc. v. Valuewalk*, LLC, 345 F. Supp. 3d 482, 512 (S.D.N.Y. 2018); *Sohm v. Scholastic, Inc.*, 2018 U.S. Dist. LEXIS 53490, 2018 WL 1605214, at *11 (S.D.N.Y. Mar. 28, 2018), aff'd in part, rev'd in part and remanded, 959 F.3d 39 (2d. Cir 2020) (holding that defendant failed to meet their evidentiary burden …by not including affirmative evidence "sufficient to awaken inquiry and prompt an audit.")(internal citation omitted).

Instead, Defendants are essentially arguing for a rule that would force copyright holders to have a perpetual on-going duty to search the internet for infringements of their works.  In the case of photographers, this would involve searching a catalogue of thousands of images.[10]

## 2. Defendant's Doctrine of Laches Second Affirmative Defense should be dismissed.

"[T]he express statute of limitations in the Copyright Act precludes the use of the laches defense in toto, regardless of the relief sought." *Price v. Fox Entm't Grp., Inc.*, No. 05-cv-5259, 2007 U.S. Dist. LEXIS 6081, 2007 WL 241387, at *3 (S.D.N.Y. Jan. 26, 2007); see also *Ivani Contracting*, 103 F.3d at 260 ("The prevailing rule, then, is that when a plaintiff brings a federal

---

[10] Defendant has recently filed their own Motion for Summary Judgment on this issue. Plaintiff will address this Defense in more detail in his Opposition.

statutory claim seeking legal relief, laches cannot bar that claim, at least where the statute contains an express limitations period within which the action is timely.").

### 3.    Defendant's Third Affirmative Defense for Failure to State a Claim should be dismissed.

A defense based on failure to state a claim must be directed to the pleading. See *Eclaire Advisor Ltd. v. Daewoo Engineering Co.*, 375 F.Supp.2d 257, 260 (S.D.N.Y. 2005). Here, both the Record before the Court, and Plaintiff's complaint sets forth a plausible set of facts to support each element of his copyright infringement claim, as outlined in detail herein.

### 4.    Defendant's Fourth Affirmative Defense for Fair Use should Be Dismissed

Defendant's fourth affirmative defense asserts the privilege of Fair Use. (ECF 33, Pages 10-11). Fair use is an affirmative defense that "presumes that unauthorized copying has occurred, and is instead aimed at whether the defendant's use was fair." *Monge v. Maya Magazine, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012). A court "may conclude as a matter of law that the challenged use does not qualify as a fair use of the copyrighted work." *Harper & Row v. Nation Enterprises*, 471 U.S. 539, 560 (1985). Thus, the Court may grant summary judgment dismissing the fair use defense. See, e.g., *Stewart v. Abend*, 495 U.S. 207 (1990); *Castle Rock*, 150 F.3d at 137.

Section 107 of the Copyright Act sets out four factors to consider in determining whether a defendant's use of a copyrighted work is a fair use: (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes; (2) the nature of the copyrighted work; (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and (4) the effect of the use upon the potential market for or value of the copyrighted work. 17 U.S.C. § 107.

Defendant has not presented nor sought any evidence in discovery regarding this affirmative defense. However, as set forth below, a brief examination of these factors demonstrates that Defendant's use of the Photograph does not constitute fair use.

### a)    First Factor of Fair Use Weighs Against the Defendant.

Under 17 U.S.C. § 107(1), which addresses the manner in which the copied work is used, is the "heart of the fair use inquiry." *Blanch v. Koons*, 467 F.3d 244, 251 (2d Cir. 2006). Courts within the Second Circuit examine three sub-factors to determine the purpose and character of use, including whether the secondary use is: (1) transformative; (2) for commercial purposes; and (3) in bad faith. See, e.g., *NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 478 (2d Cir. 2004); *Sarl Louis Feraud Intern. v. Viewfinder, Inc.*, 627 F.Supp.2d 123, 131 (S.D.N.Y. 2008). Here, Defendant's use of the Work was not transformative, and it was used for commercial purposes of advertising its clothing manufacturing and distribution services. (SOF ¶7). It follows that the first consideration of fair use weighs in favor of the Plaintiff.

### (i)    Defendant's use was not Transformative.

The fair use doctrine "allows for new transformative works that further the public discourse and the free exchange of ideas in order to promote science and the arts." See *Campbell v. Acuff– Rose Music, Inc.*, 510 U.S. 569, 579 (1994). The central purpose of the inquiry is to determine whether "the new work merely supersedes the objects of the original creation, or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message." *Ringgold v. Black Entertainment Television, Inc.*, 126 F.3d 70, 79 (2d Cir. 1997) (citations omitted). Here, Defendant used the Work to depict an aerial view of lower Manhattan. (Exhibit 2). Plaintiff created the Work to depict an aerial view of lower Manhattan for licensing for uses such as Defendnats. It follows that the use was not transformative.

### (ii)    Defendant's use was for commercial purposes.

The fact that Defendant used Davidson's photograph for a commercial rather than a nonprofit purpose also weighs against a finding of fair use. *Psihoyos*, 1198 WL 336655, at *3 (citing *Campbell*, 510 U.S. at 583-84). The "crux of the profit/nonprofit distinction is . . . whether the user stands to profit from the exploitation of the copyrighted material without paying the customary price." *Harper & Row*, 471 U.S. at 562. Thus, "when the copier directly and exclusively acquires conspicuous financial rewards from its use of the copyrighted material" a finding of fair

use is less likely. *Associated Press*, 931 F.Supp.2d at 551 (quoting *Blanch*, 467 F.3d at 253).[11] Here, there is no dispute that Defendant Plaintiff's Work on the Website as part of its commercial clothing manufacturing and distribution services. (SOF ¶ 7, Exhibit 2). It follows that this factor weighs against Defendant's fair use defense.

### (iii)    Defendant's Use is in Bad Faith.

In weighing the first factor, courts may also consider "the propriety of a defendant's conduct." *NXIVM Corp.*, 364 F.3d at 478 (citations omitted).[12] "As the term itself suggests, '[f]air use presupposes good faith and fair dealing.' *Associated Press*, 931 F.Supp.2d at 552 (quoting Harper & Row, 471 U.S. at 562).

Here, bad faith is evidenced by the facts that Defendant: (a) failed to provide attribution to the Work; (b) removed the infringing content from the Website after this lawsuit was filed; and (c) failed to consult counsel prior to publication.

First, Defendant's secondary use of the Photograph omits authorship credit to Davidson. (SOF, ¶¶ 23, 26-27). The omission of Davidson's name besides his Photograph demonstrates Defendant's absence of good faith and fair dealing in their use of the Photograph. See *Rogers*, 960 F.2d at 309 (finding that defendant's "action [in tearing the copyright mark off of the original work] suggests bad faith in defendant's use of plaintiff's work, and militates against a finding of fair use.").

Second, the Work is not currently posted on the Website. (Davidson Decl. ¶7). This shows that Defendant and its in-house counsel lack a subjective good faith belief in their fair use defense. See *Barcroft Media*, 2017 WL 5032993, at *4 ("CMG's decision to remove the Images from its websites after its negotiations with FameFlynet fell through belies any notion that CMG believed it had an implied nonexclusive license to continue using the Images"). After all, if a defendant

---

[11] The Supreme Court has held that, with respect to secondary uses which implicate wholesale copying of the original work (as here), "every commercial use of copyrighted material is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright." Sony, 464 U.S. at 451.
[12] While Plaintiff is not aware of any case that requires the Court to consider the defendant's conduct, NXIVM Corp. suggests that a defendant's conduct may be weighed in the analysis of the first factor.

**SRIPLAW**
C ALIFORNIA ◆ F LORIDA ◆ G EORGIA ◆ I NDIANA ◆ N EW Y ORK ◆ T ENNESSEE ◆ T EXAS

harbors a good faith belief in the fair use defense, then it will continue to display that work consistent with such belief.

Third, there is no evidence that Defendant's counsel considered the fair use defense prior to publication of the Photograph. A defendant must take "reasonable steps to assure fair use before infringement," *Bridgeport Music, Inc. v. UMG Recordings, Inc*., 585 F.3d 267, 279 (6th Cir. 2009), not as a "post-hoc rationalization concocted to skirt liability." *Zomba Enterprises, Inc. v. Panorama Records, Inc*., 491 F.3d 574, 584 n. 9 (6th Cir. 2007).

### b)    The Second Factor Weighs Against Fair Use because the Photograph is Creative in Nature.

The second factor examines the "nature of the copyrighted work." 17 U.S.C. § 107(2). Courts consider "(1) whether the work if expressive or creative, with a greater leeway being allowed a claim of fair use where the work is factual or information, and (2) whether the work if published or unpublished." Blanch, 467 F.3d at 256.

Here, there is no dispute that Plaintiff's work is creative and that it was published. Therefore, this fair need not be examined.

### c)    The Third Factor Weighs Against Fair Use Because Defendant's Unnecessarily Published a full-color reproduction of the image.

The third factor bearing on fair use is "the amount and substantiality of the portion used in relation to the copyrighted work as a whole." 17 U.S.C. § 107(3). The question is whether "the quantity and value of the materials used are reasonable in relation to the purpose of the copying." *Campbell*, 510 U.S. at 586. "[T]he more of a copyrighted work that is taken, the less likely the use is to be fair." Id. at 10.

Here, there is no dispute that the Defendant used Plaintiff's Work in its entirety on the Website, minus cropping out the bottom portion with the copyright management information. (SOF ¶26). This fact alone weighs against fair use. See *Associated Press*, 931 F.Supp.2d at 558 ("appropriation of a copyrighted work in its entirety weighs against a finding of fair use").

### d)    The Fourth Factor Weighs Against Fair Use Because there Was Actual Market Harm as Well as Harm to the Potential Market.

The final fair use factor considers "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4). This factor "requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also whether unrestricted and widespread conduct of the sort engaged in by the defendant would result in a substantially adverse impact on the potential market for the original." *Ringgold*, 126 F.3d at 80-81 (citing *Campbell*, 510 U.S. at 590 (quotation omitted)). "[A] copyright owner is not required to show that actual harm has come to her, *Sony Corp*., 464 U.S. at 451, but must show merely a 'potential' effect on the market for the copyrighted work. *Harper & Row*, 471 U.S. at 568–69." *Balsley*, 691 F.3d at 761.

Here, there is no dispute that Plaintiff's lost value and control of his Work value due to Defendant's distribution of an uncredited version of the Work. (Davidson Decl. ¶ 15). Therefore, this factor weighs against Defendant.

### 5.    Defendant's Fifth Affirmative Defense should be dismissed.

Defendant's fifth affirmative defense asserts that any alleged infringement was *de minimis* in nature. This is insufficient to satisfy Rule 8(c) and should be stricken.[13]

Defendant has not presented any evidence supporting this affirmative defense. Therefore, this affirmative defense is a bare-bones conclusory allegation and alleges no facts to support why or how the infringement was *de minimis* in nature. Thus, this affirmative defense should be dismissed.

---

[13] A *de minimis* defense consists of qualitative and quantitative components. See *PK Studios, Inc.*, 2016 U.S. Dist. LEXIS 116057, at *13 (M.D. Fla. Aug. 30, 2016) (striking an affirmative defense of *de minimis* infringement because the defendants affirmative defense had neither qualitative nor quantitative components). "[W]hile an answer need not include a detailed statement of the applicable defenses, a defendant must do more than make conclusory allegations. If the affirmative defense comprises no more than bare bones conclusory allegations, it must be stricken." *Daley*, 2016 U.S. Dist. LEXIS 83735, at *4 (M.D. Fla. June 28, 2016).

### 6.     Defendant's Sixth Affirmative Defense Should be Stricken.

Defendant has presented no evidence that support their assertion that Plaintiff has not been harmed by the actions by Defendant. (Abisror Decl. 31). Therefore, the Court should dismiss this defense.

### 7.     Defendant's Seventh Affirmative Defense Should be Stricken.

Defendant has presented no evidence that support their assertion that Plaintiff  "failed to mitigate his damages." (Abisror Decl. 31). Therefore, the Court should dismiss this defense.

### 8.     Defendant's Eighth Affirmative Defense Should be Stricken.

Incorrect valuation of damages is a factual dispute regarding damages, not an affirmative defense. That said, Defendant has proffered no evidence to support this claim.

### 9.     Defendant's Ninth Affirmative Defense Should be Stricken.

Defendant has proffered no evidence to support the claim that "Plaintiff knew of the Subject Matter of its Complaint from 2019."

### D.     Davidson is Entitled to Statutory Damages

Under the Copyright Act, a plaintiff may elect to recover an award of statutory damages for each infringed work, in lieu of an award of actual damages. 17 U.S.C. § 504(c).

Pursuant to Rule 55(b)(2), damages may be established at a hearing, but such a hearing is not necessary if damages can be easily calculated from detailed affidavits and ample evidence in the record. *H. Daya Int'l Co. v. Do Denim LLC*, 2012 U.S. Dist. LEXIS 92227, at *16 (S.D.N.Y. June 29, 2012) (citing *House v. Kent Worldwide Machine Works, Inc*., 359 F. App'x 206, 207 (2d Cir. 2010)). If the documents the plaintiff has submitted provide a "sufficient basis from which to evaluate the fairness of" the requested damages, the court need not conduct an evidentiary hearing. *Fustok v. ContiCommodity Servs. Inc.*, 873 F.2d 38, 40 (2d Cir. 1989).

Alternatively, pursuant to 17 U.S.C. § 504(b), a copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement. Actual damages are often measured by the revenue that the plaintiff lost as a result of the infringement, which includes lost

sales, lost opportunities to license, or diminution in the value of the copyright. See *Rogers v. Koons*, 960 F.2d 301, 313 (2d Cir. 1992).

### 1.    Fair Market Value of the Work

The copyright owner may recover the fair market value of the licensing fee that would have been charged for the work that was infringed. *Baker v. Urban Outfitters, Inc.,* 254 F. Supp. 2d 346, 359 (S.D.N.Y. 2003). To demonstrate entitlement to a reasonable license fee, the fair market value of an infringed work may be established by evidence of benchmark licenses, that is, what licensors have paid for use of similar work. *Id.* (citing *Davis v. Gap, Inc*., 246 F.3d 152, 161 (2d Cir. 2001)).

As evidence of license fees paid by other licensees for similar content and use, Davidson submits his Declaration that had Defendant requested a license to reproduce and display the copyrighted Work on its website, Davidson would have charged at least $2,400.00 for the use of the Work on the commercial Website for a term of 4 years. (Davidson Decl. ¶13, Exhibit 2).

Defendants did not engage in any discovery regarding licensing values, and the deadline for Defendant to propound new discovery has passed. Therefore, the record before the Court does not and will not contain any facts to the contrary.

### 2.    Willful Statutory Damages

Generally, a copyright holder seeking to prove that a copier's infringement was willful must show that the infringer "had knowledge that its conduct represented infringement or . . . recklessly disregarded the possibility." *Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993). Willful infringement occurs when the infringer acted with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright. *L.A. Printex Indus., Inc. v. Doe, 543 Fed. Appx,* 110, 111 (2d Cir. 2013) (citing *Bryant v. Media Right Prods. Inc.,* 603 F.3d 135, 143 (2d Cir. 2010).

Pursuant to 17 U.S.C. § 504(c), a copyright owner is entitled to recover the statutory damages of up to $150,000 per work for willful infringement. When the infringement is willful, "courts typically award substantially more than the minimum of statutory damage." *EMI April*

*Music Inc. v. Rodriguez*, 691 F. Supp. 2d 632, 635 (M.D.N.C. 2010). An increased award "serves the deterrent purpose of the statute." *Id.* (citing *F.W. Woolworth Co. v. Contemporary Arts, Inc*., 344 U.S. 228, 233 (1952)).

Here, Davidson requests the maximum statutory damage award of $150,000 to deter future willfully infringing behavior. See, *Wilson v. Nat'l Bikers Roundup Inc.*, No. CV 3:15-4862-MGL-SVH, 2017 WL 9275157, at *4 (D.S.C. May 12, 2017), report and recommendation adopted, 2017 WL 2644209 (D.S.C. June 20, 2017)("To sanction Defendants for their willful infringement, and to deter them and others from future infringing behavior, the undersigned recommends granting Plaintiff's request for the maximum statutory damages of $150,000.")(citing *Getty Images (US), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 1116775 (W.D. Wash. Mar. 20, 2014) (awarding maximum statutory damages for the willful infringement of two photographs ); *Teri Woods Publ'g, L.L.C. v. Williams*, No. 12-4854, 2013 WL 6179182 (E.D. Pa. Nov. 25, 2013) (same); *Graduate Mgmt. Admission Council v. Raju,* 267 F. Supp. 2d 505, 511 (E.D. Va. 2003) (same)).

In the alternative, Plaintiff requests no less than $12,000, representing a 5X multiplier applied to the fair market value license fee of $2,400. See *Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) ("Courts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid."); *Tetra Images, LLC v. Grahall Partners, LLC*, No. 19-CV-05250 (PMH), 2021 U.S. Dist. LEXIS 125809, at *9 (S.D.N.Y. July 6, 2021) (The Court concluded that a multiplier of five times the fair market value was appropriate.); *Realsongs v. 3A N. Park Ave. Rest Corp.*, 749 F. Supp. 2d 81 (E.D.N.Y. 2010) (awarding $3,000 for each of five claims of infringement, totaling approximately three times the amount of unpaid license fees).

Defendant admitted cropping Plaintiff's CMI on the Work to Defendant's commercial Website. (SOF ¶ 26). Defendant either knew that its conduct would infringe or recklessly disregarded the possibility. Defendant either knew or should have known that the cropping of the Work to exclude the CMI would further conceal the infringement.

### 3.    Statutory Damages Pursuant to 17 U.S.C. § 1203

Pursuant to 17 U.S.C. § 1203, Plaintiff may elect to recover statutory damages for Defendant's violation of Plaintiff's rights with respect to the Copyright Management Information applied to his photographs. Specifically, pursuant to 17 U.S.C. § 1203(c)(3)(B), Davidson is entitled to "statutory damages for each violation of section 1202 in the sum of not less than $2,500 or more than $25,000."

Plaintiff seeks $25,000.00 in statutory damages for Defendant's violation of the DMCA, according to 17 U.S.C. § 1203(c)(3)(B). As set forth above, Defendant reproduced and publicly displayed the copyrighted Work on its website, after removing the CMI from the photograph. (SOF ¶¶ 23, 26).

The removal of the CMI interfered with Davidson's actual and prospective relationships with clients who might otherwise compensate Davidson for the licensed use of his Work. The removal of the CMI eliminated Davidson's right and ability to control the use and transmission of the Work. Defendant removed the CMI and posted the unauthorized Work on the internet. (SOF ¶¶ 28-32). Therefore, Davidson also requests statutory damages of $25,000.00 for Defendant's violations of the Digital Millennium Copyright Act. 17 U.S.C. § 1203(c)(3)(B); See also, *Sheldon v. Plot Commerce, No.* 15 Civ. 5885, 2016 WL 5107072, at *17 (E.D.N.Y. Aug. 26, 2016), report and recommendation adopted, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016) (awarding maximum statutory damages of $ 25,000 per DMCA violation).

### 4.    Factors the Court may consider when determining damages

When determining the appropriate amount of statutory damages to award for copyright infringement, courts may consider: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right Prods., Inc.,* 603 F.3d 135, 144 (2d Cir. 2010).

Defendant admitted to not having a license for this Work and never licensing any photograph for the use on its Website. (SOF ¶¶ 24-27). Defendant either knew or should have known that the Work was subject to copyright protection. (SOF ¶ 27).

Defendant saved the expense of having to license a photograph to be used on a commercial website. (SOF ¶ 26). Defendant has refused to participate in settlement conversations or provide Plaintiff with any documentation regarding the profits earned. (ECFs 13, 19, 24). Defendant has not provided a monetary offer to date. (SOF ¶ 30). The Plaintiff lost the licensing value as well as control over his protected copyrighted Work. (SOF ¶¶ 21-28). The Defendant and third parties in similar situations must be deterred from such behavior.

Furthermore, Defendant in this matter refused to cooperate in engage in meaningful settlement discussions. (SOF ¶ 29). The conduct and attitude of Defendant does not show any remorse for the infringement and Plaintiff had to notify the Court about difficulties in litigating this matter due to Defendant's conduct throughout this matter. (ECFs 21, 24). Defendant's counsel filed a motion to dismiss the claim before ever reaching out to Plaintiff's counsel. (ECF 17). After the filing of that motion, Plaintiff's counsel reached out to Defendant's counsel and asked if they would like to arrange a time to discuss resolution. Defendant's counsel stated that they would not engage in settlement conversations until the motion to dismiss was ruled on.

On January 29, 2025, Plaintiff filed his opposition to the motion to dismiss. (ECF 19). On February 2, 2025, Defendant's Counsel filed their opposition to that opposition based on the fact that Plaintiff's opposition was due on January 28, 2025. (ECF 20). On February 3, 2025, Plaintiff filed a *nun pro tunc* motion, to which Defendant did not consent. (ECF 21). On the same day, the Court granted Plaintiff's *nun pro tunc* motion, therefore considering the opposition to the motion to dismiss timely. (ECF 23). Plaintiff then attempted to confer and draft with Defendant on the Rule 26 Case Management Plan. Defendant refused to resolve any disagreements they had and proceeded to file their own case management plan unilaterally, without the consent of the Plaintiff. (ECF 27). Plaintiff was then forced to file their own case management plan. (ECF 28).

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

The Court, having observed this behavior, ordered the Parties to appear in person for the initial pre-trial conference on February 12, 2025. (ECF 30). During that hearing, the Court suggested that the Parties use that hearing to discuss settlement. Despite the Courts request, Defendant again refused to enter into and settlement discussions. (SOF 29).

The Court denied the Defendant's motion to dismiss. (ECF 31). Defendant, erroneously believing that the Order was a final judgement, appealed the decision to the Second Circuit. (ECF 32). Plaintiff attempted to work with Defendant to convey that their "interlocutory" appeal was not legally permissible. Defendant refused to withdraw the appeal.  Defendants filed their answer to the Complaint on February 25, 2025, along with a frivolous counterclaim, somehow alleging that Davidson (the owner of the Copyright) was liable for CMI violations under §1202, regarding his own work. (ECF 33).

Plaintiff served a Rule 11 notice on Defendant's former counsel. Shortly after receiving that notice, Defendant's former counsel filed a motion to withdraw. (ECF 34). The Court promptly denied the motion to withdraw. (ECF 35). Thereafter, the Defendant's former counsel filed a second motion to withdraw. (ECFs 37, 38). The Plaintiff then filed a motion to dismiss Defendant's Counterclaim. (ECF 39). The Court granted former Defendant's counsel motion to withdraw and issued a stay order in the case. (ECF 40).

The Defendant's new counsel appeared, and the Parties stipulated to dismiss Defendant's counterclaims. (ECFs 42-47). New counsel further agreed to not appear in the Appeal, which would result in its dismissal[14]. The Parties then stipulated to an extension. (ECF 48). The Court denied that extension and encouraged that the Parties meet and "see if this case can be resolved before investing significant time and resources into this case." (ECF 49).

Plaintiff's Counsel attempted to discuss settlement with Defendant several times. Plaintiff even suggested that the Parties mediate prior to conducting depositions, which Defendant refused. Although Defendant's new counsel was indeed more receptive to meet and discuss, there has not

---

[14] By this time, Plaintiff's counsel had already been forced to spend thousands of dollars in legal time addressing Defendant's completely frivolous Counterclaim and Appeal.

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

been one single offer of resolution proposed from Defendant. To date, Plaintiff's (very reasonable) opening $17,500 offer of resolution advanced in February of 2025 remains the most recent monetary offer advanced in this case, and no counter was ever received. (Abisror Decl. ¶ 25).

### E. Davidson is entitled to legal fees and costs

#### 1. Plaintiff is Entitled to Fees Under 17 U.S.C. § 505

17 U.S.C § 505 states that "the court in its discretion may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." *See Zuma Press v. Getty Images Us*, 845 F. App'x 54, 55 (2d Cir. 2021); *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 764 F. App'x 39, 42 (2d Cir. 2019) (holding that the Copyright Act "confers broad discretion on district courts" in determining fee awards); *Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368, 374 (S.D.N.Y. 2019). In the copyright context, Plaintiff does not have to show willful infringement or frivolous suit to claim legal fees and costs. *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982). "The only preconditions to an award of fees is that the party receiving the fee be the 'prevailing party' and that the fee be reasonable." *Id.*; See also, *Mahan v. ROC Nation, LLC,* 634 F. App'x 329, 331 (2d Cir. 2016).

In light of the foregoing, Plaintiff requests legal fees and costs as the prevailing party on the granting of this motion for summary judgment. *Manhattan Review LLC v. Yun*, 919 F.3d 149, 152 (2d Cir. 2019) ("A 'prevailing party' in a fee-shifting statute is one who has favorably effected a 'material alteration of the legal relationship of the parties' by court order.) (internal quotations omitted). "In the Second Circuit, courts calculate attorneys fees using the 'presumptively reasonable fee' rule", which "is calculated by multiplying each attorney's reasonable hourly rate by that attorney's number of hours reasonably worked." *Mango*, 397 F. Supp. 3d 368, 374 (S.D.N.Y. 2019).

Should the court determine an award of fees is appropriate in this matter, Plaintiff further requests leave to file papers to establish the amount of reasonable fees owed.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, this Honorable Court should award Plaintiff's Summary Judgment motion on the basis of its copyright infringement and removal of copyright management information claims; the Court should award Plaintiff the maximum statutory damages allowed by the statutes; and the Court should award Plaintiff attorney's fees and costs in accordance with 17 U.S. Code §§ 504 and 1202.

Dated: August 13, 2025                         Respectfully submitted,

*/s/  Jordan I. Abisror*
JORDAN I. ABISROR
NY Bar Number:  6139190
jordan.abisror@sriplaw.com
JOSEPH A. DUNNE (JD0674)
NY Bar Number:  4831277
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.475.9070 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Bruce Cameron Davidson*