UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

BRUCE CAMERON DAVIDSON,

                                      CASE NO.: 1:24-CV-07544-AS-RFT

        Plaintiff,

v.

BLANKENSHIP DRY GOODS LLC,

        Defendant.

**PLAINTIFF BRUCE CAMERON DAVIDSON'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE TO BE TRIED**

Pursuant to Federal Rule 56 and Local Rule of Civil Procedure 56(a)(1), plaintiff files this statement of material facts in support of his motion for summary judgment:

1. Plaintiff is a renowned photographer who shoots landscapes and aerial photographs. (Davidson Decl. at ¶ 2).

2. Davidson has been published in over thirty publications, including the National Geographic and has photographed campaigns for numerous brands, and won awards in Lurzers Archive, Communication Arts, Graphis and American Photographer. (Davidson Decl. at ¶ 2).

3. In 2014, Davidson created the photograph entitled "CD_2015_0914_0029_xgaplus", which is shown below and referred to herein as the "Work". (Davidson Decl. at ¶ 3).



4. At the time Davidson created the Work, he applied copyright management information to the Work consisting of his name and copyright indicator "© Cameron Davidson", which is visible in the bottom of the Work. (Davidson Decl. at ¶ 4).

5. Davidson timely registered the Work with the Register of Copyrights on December 1, 2015 and was assigned the registration number Vau 1-251-061. (Davidson Decl. at ¶ 5; Exhibit 1).

6. At all relevant times herein, Davidson was the owner of the copyright registration and all of the rights to and in the Work. (Davidson Decl. at ¶ 6).

7. On or about May 14, 2024, Davidson discovered his work posted being used, at the publicly available URL www.blankenshipdrygoods.com ("Website"), as an informational image the Defendant on the Website as part of its commercial clothing manufacturing and distribution services. (Davidson Decl. at ¶¶ 7, 9; Exhibit 2).

8. Defendant, Blankenship Dry Goods, LLC ("Blankenship") owns, controls, and/or operates the Website publicly available the following URL: www.blankenshipdrygoods.com. (Davidson Decl. at ¶ 8; Abisror Decl. at ¶¶ 8, 11-12; Exhibit 4).

9. On November 8. 2024, Davidson filed his first amended complaint for copyright infringement and removal of copyright management information. (ECF 9).

10. On February 26, 2025, Defendant filed its Answer and ten affirmative defenses. (ECF 33).

11. In its Answer, Defendant admitted to the allegations in paragraphs 6, and 7 of the complaint. (ECF 33).

12. Paragraph 6 of Defendant's Answer admitted: "[t]his Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a)." (ECF 33 at ¶ 6).

13. Paragraph 7 of Defendant's Answer admitted: "Defendant is subject to personal jurisdiction in New York." (ECF 33 ¶ 7).

14. On February 12, 2025, the Court held its Initial Conference and both parties appeared. (Abisror Decl. ¶ 5).

15. On March 7, 2025, Plaintiff served its first discovery requests on Defendant. (Abisror Decl. ¶ 6).

16. On March 7, 2025, Plaintiff served its first Interrogatory Requests to which Defendant responded on June 13, 2025. The answers are attached hereto as Exhibit 1. (Abisror Decl. ¶¶ 6-7, Exhibit 4).

17. In its answer to interrogatories, Defendant identified Blankenship as the owner of the Website. (Exhibit 4 at ¶ 6).

18. On June 5, 2025, Plaintiff served 10 requests for admission. (Abisror Decl. at ¶ 9, Exhibit 5).

19. Plaintiff's requests for admissions were responded to after 30 days had lapsed and therefore are deemed as admitted under FRCP 36. (Abisror Decl. ¶ 10, Exhibit 5).

20. It is admitted into the record that Blankenship owned the Website. (Abisror Decl. ¶ 8; Exhibit 4 at ¶ 6, Exhibit 5 at ¶1; Blankenship Depo. Page 47 at Lines 3-4).

21. It is admitted into the record that Blankenship displayed Plaintiff's Work on the Website. (Abisror Decl. ¶¶ 10, 16; Exhibit 5 ¶ 8).

22. It is admitted into the record that the Website published and displayed Plaintiff's Work on the Website. (Abisror Decl. ¶ 10; Exhibit 5 ¶ 8).

23. It is admitted into the record that the screenshot attached as Exhibit 2 to the Requests for Admissions is an accurate depiction of the Website on May 14, 2024. (Abisror Decl. ¶¶ 10, 13; Exhibit 5 ¶ 3).

24. It is admitted into the record that Blankenship did not have a license to use the Work. (Abisror Decl. ¶¶ 10, 14; Exhibit 5 ¶ 4; Blankenship Depo. Pages 95, Line 25; Page 96, Line 4; Page 113 Lines 17-20).

25. It is admitted into the record that Blankenship did not have permission to copy, distribute or display the Work. (Abisror Decl. ¶¶ 10, 15; Exhibit 5 ¶ 5).

26. It is admitted into the record that the Work at issue was copied and posted on the Website cropped. (Abisror Decl. ¶10, 17; Exhibit 5 ¶ 9; Blankenship Depo. Pages 115, Line 25; Page 116, Lines 1-25; Page 117, Lines 1-9).

27. It is admitted in the record that Blankenship understood that the Work possessed Copyright Management Information. (Blankenship Depo. Pages 43, Lines 1-15).

28. It is admitted in the record that Blankenship's infringement of the Work diminished the value of the Work. (Davidson Decl. ¶15).

29. It is admitted in the record that Blankenship has not engaged in settlement conversations other than a "walk away" offer. (Abisror Decl. ¶ 25).

Dated: August 13, 2025                              Respectfully submitted,

                                                             */s/  Jordan I. Abisror*
JORDAN I. ABISROR
NY Bar Number:  6139190
jordan.abisror@sriplaw.com
JOSEPH A. DUNNE (JD0674)
NY Bar Number:  4831277
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.475.9070 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Bruce Cameron Davidson*

**SRIPLAW**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS