**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

**CASE NO.: 1:24-cv-07544-AS-RFT**

BRUCE CAMERON DAVIDSON,

          Plaintiff,

v.

BLANKENSHIP DRY GOODS LLC

          Defendant.

---

### DECLARATION OF JORDAN I. ABISROR IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT

I, Jordan I. Abisror, declare and say:

1. I am an attorney duly licensed to practice before this Court, and I am counsel for Plaintiff, Bruce Cameron Davidson ("Davidson") in the above captioned matter. I provide this declaration in support of Davidson's Motion for Summary Judgment against Defendant BLANKENSHIP DRY GOODS, LLC ("Blankenship"). I have personal knowledge of the facts stated herein, and if called as a witness, I could and would testify competently to the matters set forth herein.

2. On February 26, 2025, Defendant filed its Answer in which Defendant "Admits the allegations in paragraph 6 and 7 of the Complaint."; and asserted ten affirmative defenses (ECF 33).

3. Paragraph 6 of the complaint stated: "[t]his Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a)." (ECF 9 at ¶ 6).

4. Paragraph 7 of the complaint stated: "Defendant is subject to personal jurisdiction in New York." (ECF 9 ¶ 7).

5. On February 12, 2025, the Court held its Initial Conference and both parties appeared.

6. On March 7, 2025, Plaintiff served its first discovery requests on Defendant.

7. On March 7, 2025, Plaintiff served its first Interrogatory Requests to which Defendant responded on June 13, 2025. The answers are attached hereto as Exhibit 4.

8. In its answer to interrogatories, Defendant identified Blankenship as the owner of the Website. (Exhibit 4 at ¶ 6).

9. On June 5, 2025, my office served 10 requests for admission. The requests for admission are attached hereto as Exhibit 5.

10. The requests for Admissions were not timely responded to and no extension of the deadline was discussed, and therefore are deemed admitted in accordance with FRCP 36.

11. Request 1 of Plaintiff's First RFA stated: "Admit that You own the Website as alleged in the Complaint."

12. Request 2 of Plaintiff's First RFA stated: "Admit that You operate the Website as alleged in the Complaint."

13. Request 3 of Plaintiff's First RFA stated: "Admit that the screenshots attached as Exhibit 2 to the Complaint accurately represent the appearance of the Website on May 14, 2024."

14. Request 4 of Plaintiff's First RFA stated: "Admit that You have never been licensed to use the Work for any purpose."

15. Request 5 of Plaintiff's First RFA stated: "Admit that Plaintiff never gave You permission or authority to copy, distribute or display the Work."

16. Request 8 of Plaintiff's First RFA stated: "Admit that You displayed the Work on the Website."

17. Request 9 of Plaintiff's First RFA stated: "Admit that You cropped the Work at issue."

18. Request 10 of Plaintiff's First RFA stated: "Admit that You did not have permission to display the Work at issue."

19. On July 9, 2025, Plaintiff conducted a deposition of Blankenship Dry Goods 30(b)(6) deponent. Attached as Exhibit 6 to this Declaration is the Deposition Transcript.

20. During Plaintiff's deposition of Defendant, Defendant stated that Blankenship owned the Website where the Work was displayed. (Blankenship Depo. Page 47 at Lines 3-4).

21. During Plaintiff's deposition of Defendant, Blankenship admitted that Blankenship copied and cropped the Work at issue. (Blankenship Depo. Pages 115, Line 25; Page 116, Lines 1-25; Page 117, Lines 1-9).

22. During Plaintiff's deposition of Defendant, Blankenship admitted that Blankenship did not have a license to use the Work. (Blankenship Depo. Pages 95, Line 25; Page 96, Line 4; Page 113, Lines 17-20).

23. During Plaintiff's deposition of Defendant, Blankenship admitted that Blankenship understood that the Work possessed Copyright Management Information. (Blankenship Depo. Pages 43, Lines 1-15).

24. On May 5, 2025, the Parties stipulated that Defendant would dismiss their counterclaim. (ECF 47).

25. To date, Plaintiff has been the only Party to this suit who has provided an offer of resolution and continuously requested that Defendant submit an offer. Blankenship has not submitted an offer of resolution beyond a "walk away."

26. Defendant filed a frivolous appeal to the Second Circuit regarding the Court's ruling on the "questions of the law of Fair Use and Copyright Ownership" after Defendant's Motion to Dismiss was denied. (ECF 32).

27. Plaintiff's Counsel reached out to Defendant's Counsel regarding that appeal to inform them that there was no legal basis for the appeal nor the counterclaims in Defendant's answer. Defendant then refused to withdraw the appeal and the answer, and Plaintiff served Defendant's counsel with a Rule 11 motion.

28. Defendant's Counsel, Sarah Haddad, consequentially filed a motion to withdraw. (ECF 34).

29. After Defendant retained new counsel, Plaintiff's counsel contacted the new counsel and informed him of the frivolous appeal, counterclaim and outstanding Rule 11 motion.

30. Plaintiff's counsel urged Defendant's new counsel to withdraw both the appeal and counterclaims, to which Defendant's new counsel agreed and withdrew their appeal.

31. Other than the statute of limitations defense, Defendant has not presented facts or sought discovery regarding the affirmative defenses filed in their answer. (ECF 33).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 13, 2025.

                                                    */s/ Jordan I. Abisror*
                                                   JORDAN I. ABISROR