# Exhibit 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **BRUCE CAMERON DAVIDSON,**<br><br>**Plaintiff,**<br><br>v.<br><br>**BLANKENSHIP DRY GOODS LLC**<br><br>**Defendant.** | Case No.: 1:24-cv-01424-VEC |

**DEFENDANT BLANKENSHIP DRY GOODS LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF BRUCE CAMERON DAVIDSON'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Local Rules of United States District Courts for the Southern District of New York, Defendant, BLANKENSHIP DRY GOODS LLC (hereinafter, "Defendant") hereby responds to the First Set of Interrogatories propounded by the Plaintiff, BRUCE CAMERON DAVIDSON (hereinafter, "Plaintiff") as` follows:

**GENERAL RESPONSES AND OBJECTIONS**

The following General Objections apply to every paragraph of Defendant's First Set of Interrogatories:

1. The following responses reflect the current state of the Defendant's knowledge, understanding and belief respecting matters about which inquiry has been made. The Defendant expressly reserves their right to supplement or modify these responses with such pertinent information as they may hereafter discover or as may be informed by the opinions of experts retained by the parties to testify in the trial of this matter, and will do so to the extent required by the Federal Rules of Civil Procedure. The Defendant expressly reserves the right to rely on, at any

1

time, including trial, subsequently discovered documents and/or materials that have been produced promptly upon discovery.

2. Defendant objects to every interrogatory that calls for privileged information, including, without limitation, information protected by the attorney-client privilege.

3. Defendant objects to every interrogatory that calls for information prepared in anticipation of litigation or for trial absent a showing of substantial need by Defendant.

4. Defendant objects to every interrogatory that calls for the production of any information containing or reflecting the mental impressions, conclusions, opinions and/or legal theories of any attorney for Plaintiff, on the grounds that such information is protected by the attorney work product doctrine.

5. Defendant objects to every interrogatory that is overly broad, unduly burdensome, harassing, duplicative or which requests documents which are already in the possession of Defendant.

6. Defendant objects to every interrogatory that calls for information which is neither relevant to the subject matter of the pending Complaint nor reasonably calculated to lead to the discovery of admissible evidence in connection with the pending Complaint.

7. Defendant objects to every interrogatory, and to every introductory "definition" or "instruction," that seeks to impose obligations beyond those required by the Federal Rules of Civil Procedure, as reasonably interpreted and supplemented by local court rules including Local Civil Rule 33.3.

8. The inadvertent production or disclosure of any privileged documents or information shall not constitute or be deemed to be a waiver of any applicable privilege with respect to such document or information (or the contents or subject matter thereof) or with

respect to any other such document or discovery now or hereafter requested or provided. Plaintiff reserves the right not to produce documents that are in part protected by privilege, except on a redacted basis, and to require the return of any document (and all copies thereof) inadvertently produced. Plaintiff likewise does not waive the right to object, on any and all grounds, to (1) the evidentiary use of documents produced in response to these requests; and (2) discovery requests relating to those documents.

9. Defendant submits these responses and objections without conceding the relevancy or materiality of the subject matter of any request or of any document, or conceding that any responsive materials exist.

10. Defendant's responses and objections are not intended to be, and shall not be construed as, any agreement with Defendant's characterization of any facts, circumstances, or legal obligations. Defendant reserves the right to contest any such characterization as inaccurate. Defendant also objects to the Requests to the extent they contain any express or implied assumptions of fact or law concerning matters at issue in this litigation.

11. Defendant's investigation, discovery and preparation for proceedings are continuing and all answers are given without prejudice to Defendant's right to introduce or object to the discovery of any documents, facts or information discovered after the date hereof.

12. Defendant will provide its responses based on terms as they are commonly understood, and consistent with the Federal Rules of Civil Procedure.

13. Defendant objects to and will refrain from extending or modifying any words employed in the requests to comport with expanded definitions or instructions.

14. To the extent any of Plaintiff's Interrogatories seek documents or answers that include expert material, Defendant objects to any such requests and interrogatory as premature

and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports set by the Court.

## RESPONSES TO INTERROGATORIES

1. Please provide the name(s), residence and business address and occupation of the person answering these Interrogatories.

**ANSWER:**

Blankenship Dry Goods, by Tory Lenzo, principal
16 Greenwich Ave., Greenwich, CT 06830

2. Please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any fact alleged in the pleadings (as defined in Federal Rule of Civil Procedure 7(a)) filed in this action, or any fact underlying the subject matter of this action.

**ANSWER:**   Tory Lenzo, c/o Criscione Ravala, LLP, 250 Park Ave. 7th Fl, New York, NY 10177.

Bruce Cameron Davidson, c/o SRIP Law, 41 Madison Ave., 25th Floor, New York, NY 10010.

3. To the extent not listed in your response to Interrogatory No. 2, please provide the name, address, telephone number, place of employment and job title of any person who has, claims to have or whom you believe may have knowledge or information pertaining to any defense, affirmative defense, and/or counterclaim now or hereafter asserted in this Action.

4

**ANSWER:**

Not Applicable.

  4. Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory No. 2 may have.

**ANSWER:**

Both parties named in Interrogatory Answer No. 2 possess all factual knowledge pertaining to this matter.

  5. Please state the specific nature and substance of the knowledge that you believe the person(s) identified in your response to Interrogatory No. 3 may have.

**ANSWER:**

Not Applicable.

  6. Please identify who is the owner of the Website.

**ANSWER:**

Blankenship Dry Goods.

  7. Please identify who published the Work to the Website.

**ANSWER:**

Defendant does not recall as this was over six years ago.

  8. Please provide the name of each person whom you may use as a fact witness at trial.

Bruce Cameron Davidson
Scott Gibbs

**ANSWER:**

  9. Please state generally the substance of the facts to be provided by each

5

person whom you may use as a fact witness at trial.

**ANSWER:**

Tory Lenzo will speak to the facts within his knowledge surrounding the photo in question.

Bruce Cameron Davidson will presumably speak to the facts within his knowledge surrounding the photo in question.

Scott Gibbs can testify to a forensic meta image report.

    10.    Please identify each document that you may use as an exhibit at trial.

**ANSWER:**

All documents produced by Defendant in its response to production may be used as an exhibit at trial.

    11.    Please identify all documents that support or refute your denial to paragraph 29 of the complaint that states "Blankenship copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Davidson's authorization in violation of 17 U.S.C. § 501."

**ANSWER:**

Please see Defendant's document production.

    12.    Please identify all documents that support or refute your denial of paragraph seventeen of the Complaint which states "Blankenship copied Davidson's copyrighted Work without Davidson's permission."

**ANSWER:**

Please see Defendant's document production.

Defendant reserves the right to supplement the foregoing responses up to and including the time of trial.

6

Dated: June 13, 2025
        New York, NY

As to objections only:

**CRISCIONE RAVALA, LLP**

*/s/ Galen Criscione*
Galen J. Criscione, Esq.
250 Park Avenue, 7th Floor
New York, NY 10177
T: (212) 920-7142
E: Gcriscione@lawcrt.com
*Attorneys for Plaintiff*

TO:

SRIP Law
41 Madison Ave., 25th Floor
New York, NY 10010
Tel: (561) 404-4350

**CERTIFICATE OF SERVICE**

    This is to certify that on this 13th day of June 2025, a true and accurate copy of the accompanying document was served upon counsel for Plaintiff, **SRIP Law, 41 Madison Ave., 25th Floor, New York, NY 10010**, via email.

Dated: June 13, 2025
       New York, NY

Respectfully Submitted,

**CRISCIONE RAVALA, LLP**

By: */s/ Galen Criscione*
Galen J. Criscione, Esq.
250 Park Avenue, 7th Floor
New York, NY 10177
T: (212) 920-7142
F: (800) 583-1787
E: Gcriscione@lawcrt.com
*Attorneys for Defendant*