# Exhibit 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

BRUCE CAMERON DAVIDSON,

        Plaintiff,

v.

BLANKENSHIP DRY GOODS LLC,

        Defendant.

**CASE NO.: 1:24-cv-07544-AS-RFT**

## PLAINTIFF BRUCE CAMERON DAVIDSON'S FIRST REQUESTS FOR ADMISSIONS DIRECTED TO DEFENDANT BLANKENSHIP DRY GOODS LLC

Plaintiff BRUCE CAMERON DAVIDSON, by and through his undersigned counsel, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, requests that Defendant BLANKENSHIP DRY GOODS LLC responds to the below Requests for Admissions, within thirty days of service hereof.

Dated: June 5, 2025

Respectfully submitted,

*/s/ Jordan I. Abisror*
JORDAN I. ABISROR
Bar Number: 6139190
jordan.abisror@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.475.9070 – Telephone
561.404.4353 – Facsimile

*/s/ Joseph A. Dunne*
JOSEPH A. DUNNE
Bar Number: JD0674
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

                    41 Madison Avenue
                    25th Floor
                    New York, New York 10010
                    929.200.8446 – Telephone
                    561.404.4353 – Facsimile

*Counsel for Plaintiff Bruce Cameron Davidson*

## CERTIFICATE OF SERVICE

  The undersigned does hereby certify that on June 5, 2025, a true and correct copy of the foregoing document was served by electronic mail to all parties listed below on the Service List.

           */s/ Jordan I. Abisror*
           JORDAN I. ABISROR

## SERVICE LIST

Galen J. Criscione, Esq.
250 Park Avenue, 7th Floor
New York, NY 10177
GCriscione@lawcrt.com

*Counsel for Blankenship Dry Goods LLC*

## DEFINITIONS AND INSTRUCTIONS

A.  The term "document" is used in its customary broad sense and includes, without limitation, any writing and each original, or a copy in the absence of the original, and every copy bearing notes or markings not present on the original or copy, of the following items, however produced or reproduced, namely: books, accounting records of any nature whatsoever, agreements, communications, correspondence, telegrams, cables, telexes, memoranda, recordings, studies, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, letters, forecasts, statistical statements, graphs, laboratory or engineering reports and records, notebooks, charts, graphs, plans, sketches, drawings, video tapes, films, slides, information bearing photographic products of any nature whatsoever, photo-records, microfilms, tape recordings, minutes or records of meetings or conferences, expressions or statements of policy, lists of persons attending meetings or conferences, reports or summaries of interviews, reports or summaries of investigations, opinions or reports of consultants, patent appraisals, opinions of counsel, records, reports or summaries of negotiations, sales literature of any nature whatsoever, brochures, catalogues, catalogue sheets, pamphlets, periodicals, advertisements, circulars or trade letters, press releases, trade releases, publicity releases, new product releases, reprints, drafts of any documents, working papers, indices, original or preliminary notes, computer printouts, and other data compilations from which information can be obtained or translated, if necessary, by the defendant through detection devices into reasonably usable form. The term document also refers to any tangible object other than a document as described above and includes objects of every kind and nature such as, but not limited to, prototypes, models, and specimens.

B.  "Electronically stored information," or "ESI," as used herein, means and refers to computer generated information or data of any kind, stored in or on any storage media located on computers, file servers, disks, tape or other real or virtualized devices or media. Non-limiting examples of ESI include:

i.  Digital Communications (e.g., e-mail, voice mail, instant messaging, tweets, etc.);

ii.  E-Mail Server Stores (e.g., Lotus Domino. NSF or Microsoft Exchange EDB);

iii.  Word Processed Documents (e.g., Word or WordPerfect files and drafts);

iv.  Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);

v.  Accounting Application Data (e.g., QuickBooks, Money, Peachtree data);

vi.  Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);

vii.  Sound Recordings (e.g., .WAV and .MP3 files);

viii.  Video and Animation (e.g., .AVI and .MOV files);

ix.  Databases (e.g., Access, Oracle, SQL Server data, SAP, other);

    x. Contact and Relationship Management Data (e.g., Outlook, ACT!);

    xi. Calendar and Diary Application Data (e.g., Outlook PST, blog entries);

    xii. Online Access Data (e.g., Temporary Internet Files, History, Cookies);

    xiii. Presentations (e.g., PowerPoint, Corel Presentations);

    xiv. Network Access and Server Activity Logs;

    xv. Project Management Application Data;

    xvi. Computer Aided Design/Drawing Files; and

    xvii. Backup and Archival Files (e.g., Veritas, Zip, GHO).

  C. "Native data format" means and refers to the format of ESI in which it was generated and/or as used by the producing party in the usual course of its business and in its regularly conducted activities.

  D. "Metadata" means and refers to information about information or data about data, and includes, without limitation: (i) information embedded in or associated with a native file that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and/or validity of the electronic file and/or (ii) information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system.

  E. The term "communication" means every manner of disclosure, transfer, or exchange of information, whether Person to Person, in a group, orally, in writing, by telephone, by electronic transmission, or any other manner, including letter or other correspondence, electronic mail, telephone message, memorandum or telegram.

  F. As used in this document, "identify," or to give the "identity" of, means:

    i. in the case of a natural person, to state: (1) the full name; (2) the last known residence; (3) the last known employer or business affiliation; and (4) the last known occupation and business position or title held;

    ii. in the case of any other person, to state: (1) the name; (2) the place of incorporation or organization; and (3) the principal place of business;

    iii. in the case of a document, whether or not privilege is claimed, to state: (1) the kind of document (e.g., letter, memorandum, ESI); (2) the number of pages comprising the document; (3) the present location and the identity of the custodian of the document; (4) the date it bears, if any; (5) the date the document was prepared; (6) whether the document was sent and, if so, the date it was sent; and (7) the identity of the author,

originator, sender, each person who received the document (whether or not named as an addressee), and each person known to have read the document;

      iv.    in the case of a communication, to state: (1) the form of the communication; (2) whether the communication was in written form, and, if so, to identify the communication in the same manner that a document is to be identified; and (3) if the communication was not in written form, to so state, and state: (a) the manner in which the communication was made (telephone, conversation, etc.); (b) the identity of each person who participated in or witnessed the communication; (c) the subject matter and content of the communication; and (d) the date of the communication; and

      v.    in the case of a trademark or trademark application, to state: (1) its country, serial number and registration number; (2) its dates of filing, publication, and grant; (3) the names of registrants or applicants; (4) its full mark.

    G.    The words "pertain," "refer," "concern," or "relate to" mean: pertain to, relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

    H.    Documents or ESI produced in response to this request are to be produced in native data format with all applicable metadata. A static image may be produced only if the document or ESI has no metadata associated with it.

    I.    The requests set forth herein should be read as calling for production of all drafts and non-identical of documents and ESI produced in response.

    J.    If you withhold any document covered by this document request based upon a claim of privilege, a list is to be furnished identifying each such document together with information called for in Federal Rule of Civil Procedure 26(b)(5).

    K.    The use of any singular form of a word shall include the plural and vice versa.

    L.    Unless otherwise stated, these requests cover the period from May 14, 2021 to the present.

    M.    "The Litigation" shall mean the present lawsuit, Bruce Cameron Davidson v. Blankenship Dry Goods LLC; Case Number 1:24-cv-07544-AS-RFT, in the United States District Court for the Southern District of New York, Manhattan Division.

    N.    The term "Complaint" or refers to Plaintiff's' Complaint filed on October 04, 2024 in the United States District Court for the Southern District of New York, Manhattan Division.

    O.    The Term "Davidson" and/or "Plaintiff" means Plaintiff Bruce Cameron Davidson, including his agents, employees, independent contractors, representatives and any other person acting on behalf of the foregoing, his affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities,

6
**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

whether foreign or domestic, that are owned or controlled by Bruce Cameron Davidson, and all predecessors and successors in interest to such entities.

P. The terms "You", "Your" and/or "Blankenship" refers to Plaintiff Blankenship Dry Goods LLC, including its agents, employees, independent contractors, representatives and any other person acting on behalf of any of the foregoing; its affiliates, parents, subsidiaries, divisions, joint ventures, licensees, franchisees, assigns, predecessors and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Blankenship Dry Goods LLC and all predecessors and successors in interest to such entities.

Q. The term "Text" refers to any hardcopy or digital representation of any composition in a human-readable language or symbol set such as English or Spanish.

R. The term "Work" refers to the photograph alleged in this lawsuit entitled CD_2015_0914_0029_xgaplus.

S. The term "Image" refers to any digital representation of any object or document.

T. The term "Audiovisual Data" refers to digital representation of content, such as Advertisements and Communication, where such representation relates to Images, audio files, for example, MP3s, and video files, such as Flash files, and Text.

U. The term "Website" shall refer to www.blankenshipdrygoods.com.

V. The terms "all" and "each" shall be construed as all and each.

W. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

X. The use of the singular form of any word includes the plural and vice versa.

Y. Unless otherwise specified, all capitalized terms appearing herein shall have the same meaning ascribed to them in the Complaint.

Z. To the extent that You consider any of the following requests objectionable, respond to so much of each, and each part thereof, which is not objectionable in Your view, and separately state that part of each which is objectionable and the ground for each objection.

AA. These requests are continuing so as to require supplemental responses in accordance with Rule 26(e).

BB. If, after exercising due diligence, You cannot answer one or more of the following requests, so state and answer to the extent possible, specifying Your inability to answer to the remainder. State whatever knowledge or information You have regarding the unanswered portion and identify and describe in detail what You did in attempting to secure the unknown information.

      CC.    If You object to any part of a request, answer all parts of the request to which You do not object, and, as to each part to which You do object, set forth the basis for the objection.

      DD.    If any of the documents requested herein are no longer in Your possession, custody or control, identify each such requested document by date, type of document, person(s) from whom sent, person(s) to whom sent, and person(s) receiving copies and provide a summary of its pertinent contents.

      EE.    If any of the documents requested herein has been destroyed or is no longer in existence, for any reason, describe the content of such document as completely as possible, the date of such destruction and the name of the person who ordered or authorized such destruction.

**SRIPLAW**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

## **CLAIM OF PRIVILEGE**

If You object to any request or part thereof on the basis of a claim of attorney- client or work product privilege, identify the privilege claimed as well as each statement, communication, or subject matter of the information for which such privilege is claimed, and provide the following with respect to each such statement or communication:

      a.      the date thereof;

      b.      identify all persons present, if an oral communication, or all persons who received a copy of such communication, if written; and

      c.      the basis on which the privileges claimed.

## REQUESTS FOR ADMISSION

1. Admit that You own the Website as alleged in the Complaint.

**RESPONSE:**

2. Admit that You operate the Website as alleged in the Complaint.

**RESPONSE:**

3. Admit that the screenshots attached as Exhibit 2 to the Complaint accurately represent the appearance of the Website on May 14, 2024.

**RESPONSE:**

4. Admit that You have never been licensed to use the Work for any purpose.

**RESPONSE:**

5. Admit that Plaintiff never gave You permission or authority to copy, distribute or display the Work.

**RESPONSE:**

6. Admit that You own the email address blankenshipdrygoods@gmail.com.

**RESPONSE:**

7. Admit that You operate the email address blankenshipdrygoods@gmail.com.

**RESPONSE:**

8. Admit that You displayed the Work on the Website.

**RESPONSE:**

9. Admit that You cropped the Work at issue.

**RESPONSE:**

10. Admit that You did not have permission to display the Work at issue.

**RESPONSE:**

**SRIPLAW**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS