UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRUCE CAMERON DAVIDSON,<br><br>      Plaintiff,<br><br>— against —<br><br>BLANKENSHIP DRY GOODS LLC,<br><br>      Defendant. | Case No.: 1:24-cv-07544 |

**DEFENDANT BLANKENSHIP DRY GOODS LLC'S OPPOSITION TO PLAINTIFF BRUCE CAMERON DAVIDSON'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Blankenship Dry Goods LLC, by and through the undersigned counsel, submits the following Opposition to Plaintiff Bruce Cameron Davidson's Motion for Summary Judgment, and relies upon the attached memorandum along with the documents previously submitted with Defendant's Motion for Summary Judgment.

Dated: August 26, 2025
   New York, New York

                        **CRISCIONE RAVALA, LLP**

                        By: */s/ Galen J. Criscione*
                        Galen J. Criscione, Esq
                        250 Park Avenue, 7th Floor
                        New York, NY 10177
                        T: (212) 920-7142
                        F: (800) 583-1787
                        E: gcriscione@lawcrt.com
                        *Counsel for Defendant*

# TABLE OF CONTENTS

**TABLE OF CONTENTS** ................................................................................................... ii

**TABLE OF AUTHORITIES** ............................................................................................ iii

**ARGUMENT** ........................................................................................................................1

   1.  **PLAINTIFF'S ARGUMENTS FAIL BECAUSE HE FAILED TO FILE THIS ACTION WITHIN STATUTE OF LIMITATIONS PERIOD** ......................................1

**CONCLUSION** ....................................................................................................................4

# TABLE OF AUTHORITIES

**CASES**

*Hayden v Koons*,
  2025 US Dist LEXIS 33345 (SDNY 2025) .......................................................................... 3

*Michael Grecco Prods., Inc. v RADesign, Inc.*,
  112 F.4th 144 (2d Cir. 2024) ............................................................................................... 1

*Minden Pictures, Inc. v Buzzfeed, Inc.*,
  390 F. Supp. 3d 461 (SDNY 2019) .................................................................................... 3

*Psihoyos v John Wiley & Sons, Inc.*,
  748 F.3d 120 (2d Cir. 2014] [emphasis added]) .............................................................. 1,2

**STATUTES**

Title 17 U.S.C. § 501 ............................................................................................................... 1

Title 17 U.S.C. § 507 ............................................................................................................... 1

## ARGUMENT

### Plaintiff's Arguments Fail Because He Failed to File This Action Within the Statute of Limitations Period

The Defendant's position with respect to the Plaintiff's case is laid out in detail in Defendant's own Motion for Summary Judgment, and for the sake of judicial economy the Defendant will briefly repeat and summarize that position here without duplicating in detail the same arguments. Defendant's position is that all of Plaintiff's arguments in his Motion for Summary Judgment are irrelevant, and his motion must fail because the claim was not timely brought. As a matter of law, Davidson's copyright claims are time-barred, and Plaintiff's Motion for Summary Judgment should be dismissed.

The Copyright Act's statute of limitations section provides that an infringement action must be "commenced within three years after the claim accrued" (17 U.S.C. § 507[b]). Under the so-called "discovery rule" employed by the Second Circuit, a copyright infringement claim accrues when "the copyright holder discovers, **or with due diligence should have discovered**, the infringement" (*see Psihoyos v John Wiley & Sons, Inc*., 748 F3d 120, 124 [2d Cir 2014] [emphasis added]); *Michael Grecco Prods., Inc. v RADesign, Inc.,* 112 F4th 144, 151 [2d Cir 2024]).

The failure to sue within three years from accrual of a copyright claim requires dismissal of that claim and any rights or remedies that would flow from that claim (*see Merchant v Levy*, 92 F3d 51, 56 [2d Cir 1996]).

Defendant asserted a number of affirmative defenses in its Answer to the Amended Complaint, including that Davidson's claims are barred by the fixed three-year statute of limitations for copyright claims (Def. MSJ Criscione Decl., Ex. D at 9-10).

Davidson commenced this action on October 4, 2024 (Criscione Decl., Ex. B). Thus, to be timely, Davidson must have been unable, with the exercise of due diligence, to discover the

1

infringing activity prior to October 4, 2021, three years before the complaint was filed (*see Psihoyos*, 748 F3d at 124-25). No evidence has been presented that Plaintiff was unable to discover the alleged infringement without due diligence, and the record is clear that Plaintiff discovered many other possible infringers during this same time period.

It cannot seriously be disputed that Davidson was not on notice of Blankenship's alleged infringement more than three years prior to his bringing this action. Davidson began working with VRG as early as 2019, per his own testimony, to seek out potentially infringing works. He uploaded his images from Aerial Stock and his website at that time to VRG's site for infringement monitoring. VRG issued reports on his dashboard about its potential infringement findings, so that Davidson could review them and determine whether to take action. Davidson made monthly checks of the VRG dashboard for potential infringements, including all the years the image was apparently on Defendant's website. Although in the Amended Complaint, Davidson claims that he actually *discovered* Blankenship's alleged infringement of his Work in May 2024 (*see* Def. MSJ Criscione Decl., Ex. C ¶ 16) and testified as such (Def. MSJ 56.1 Statement, ¶ 18), a reasonably diligent person in Davidson's position *should have* discovered it prior to October 4, 2021. Indeed, a report generated by VRG, the service Davidson uses to monitor infringement, identified the image as appearing on Blankenship's server with an earliest established date of publication of August 8, 2020 (*see* Def. MSJ Criscione Decl., Ex. E). It strains reason to believe that Davidson was not fully aware of the publication before 2024. But regardless, it cannot be disputed that he *should have* discovered it.

In his Opposition to Defendant's Motion for Summary Judgment, Plaintiff does not address the fact that he reasonably should have discovered the infringement prior to 2024. He simply claims that he didn't discover it until then. However, it absolutely strains reason to the point of

being ridiculous for Plaintiff to claim that he has had a company send him monthly reports on infringers across the internet since 2019, yet he did not discover the alleged infringement by Defendant until 2024. Put quite simply – it doesn't add up. This is the precise reason for the inquiry notice standard.

Davidson had access to monitoring tools and sophisticated licensing practices in place sufficient to enable him to discover the alleged infringing use especially as he was monitoring his dashboard on a monthly basis. Yet he waited more than four years (or more than 49 months of dashboard checks) before filing suit. Objectively speaking, Davidson's supposed failure to discover the existence of Blankenship's alleged infringement until 2024, even if true, was patently unreasonable under the circumstances (*see Hayden v Koons*, 2025 US Dist LEXIS 33345 [SDNY 2025] [granting summary judgment dismissing copyright claims because a "'reasonably diligent' person in [the] plaintiff's position should have discovered the alleged infringement" prior to three years before he filed suit]).

Davidson is also a serial litigator, filing at least 17 other similar suits in recent years. It is undisputed that the image in question was apparently on Defendant's website beginning in 2020, according to Plaintiff's own produced discovery, and thus it does not make sense that Plaintiff's diligent inquiries into copyright infringement just so happened to fail in this one instance. *See, e.g., Minden Pictures, Inc. v Buzzfeed, Inc.*, 390 F Supp 3d 461, 467 [SDNY 2019] [imposing constructive knowledge on sophisticated serial litigant for statute of limitations purposes; finding that "a reasonable copyright holder in [plaintiff's] position — that is, a seasoned litigator that has filed 36 lawsuits to protect its copyrights, beginning as early as July of 2010 — should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period"]).

Given that Davidson's business is designed to protect and enforce the copyrighted works that he licenses, and has a system in place for identifying infringing works through VRG, it is not remotely plausible that Davidson in exercising reasonable diligence, would not have discovered the alleged infringing use here until more than four years after the alleged infringement occurred as verified by VRG's own records. Davidson cannot overcome the statute by emphasizing delayed discovery when he had access to information to verify earlier detection. In short, it doesn't even matter if he didn't actually discover the alleged infringement until 2024 – the law states quite simply that he should have.

There is no genuine dispute of material fact concerning whether Davidson was on inquiry notice about Blankenship's alleged infringement prior to October 4, 2021. As a result, the Court should grant summary judgment to Blankenship dismissing the entirety of Davidson's claims, and therefore the Court should not entertain any of Plaintiff's substantive arguments in his Motion for Summary Judgment, because the suit was not timely brought.

## CONCLUSION

For all the reasons set forth above, Plaintiff's Motion for Summary Judgement should be denied, Defendant's Motion for Summary Judgment should be granted, and Plaintiff's Amended Complaint should be dismissed with prejudice, and Defendant should be awarded prevailing party attorneys' fees and costs pursuant to 17 U.S.C. § 505, together with such other and further relief as the Court deems just and proper.

Dated: August 26, 2025
New York, New York

CRISCIONE RAVALA, LLP

By: */s/ Galen J. Criscione*
Galen J. Criscione, Esq
250 Park Avenue, 7th Floor

4

New York, NY 10177
T: (212) 920-7142
F: (800) 583-1787
E: gcriscione@lawcrt.com
*Counsel for Defendant*

5