UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

BRUCE CAMERON DAVIDSON,

　　　　Plaintiff,

v.

BLANKENSHIP DRY GOODS LLC,

　　　　Defendant.

1:24-cv-07544-AS-RFT

**PLAINTIFF BRUCE CAMERON DAVIDSON'S REPLY TO DEFENDANT BLANKENSHIP DRY GOOD'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff BRUCE CAMERON DAVIDSON by and through his undersigned counsel, hereby issues this reply to Defendant, BLANKENSHIP DRY GOODS, LLC's Opposition (ECF 59) to Plaintiff's Motion for Summary Judgement (ECF 55).

Dated: September 2, 2025

Respectfully submitted,

/s/ Jordan I. Abisror
JORDAN I. ABISROR
jordan.abisror@sriplaw.com

/s/ Joseph A. Dunne
JOSEPH A. DUNNE
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Bruce Cameron Davidson*

**SRIPLAW**
CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS

## TABLE OF CONTENTS

I.  Introduction ........................................................................................................................ 3

II. Summary .......................................................................................................................... 3

III. Legal Standard ................................................................................................................. 3

IV. Arguments ........................................................................................................................ 4

    a.  Other than the Statute of Limitations Defense, Defendant has Not Contested Any Liability for Copyright Infringement in Their Opposition. .............................................. 4

    b.  Defendant has Not Contested Any Liability for the Digital Millennium Copyright Act Violations. ..................................................................................................................... 5

    c.  Defendant Has Not Created a Genuine Issue of Material Fact Regarding Plaintiff's Date of Discovery of the Infringement. ....................................................................................... 6

    d.  Defendant Has Not Created a Genuine Issue of Material Fact Regarding Defendant's Affirmative Defenses. ..................................................................................................... 9

    e.  The Court should Award Damages, Fees and Costs to Plaintiff. .................................... 10

V.  Conclusion. ..................................................................................................................... 12

## I.  Introduction

Plaintiff, by and through his undersigned counsel, respectfully submits this reply to Defendant Blankenship Dry Goods, LLC's ("Blankenship") Opposition (ECF 59) to Plaintiff Bruce Cameron Davidson's ("Davidson") Motion for Summary Judgment and incorporated memorandum of law on his copyright infringement, removal of copyright management information, and an award damages in accordance with 17 U.S. Code §§ 504 and 1202. (ECF 55).

## II.  Summary

On August 11, 2025, Defendant filed their Motion for Summary Judgment. (ECF 53). On August 13, 2025, Plaintiff filed his Motion for Summary Judgment asserting that: A) Davidson is entitled to summary judgment on his copyright infringement claim; B) Davidson is entitled to summary judgment on his §1202 claim; C) Defendant's Affirmative Defenses to Liability Should be Dismissed;  D) Davidson is Entitled to Statutory Damages; and E) Davidson is entitled to legal fees and costs. (ECF 55). On August 25, 2025, Plaintiff submitted their Opposition to Defendant's Motion for Summary Judgment. (ECF 58). Defendant submitted their Opposition to Plaintiff's Motion for Summary Judgment on August 26, 2025. (ECF 59).

Other than the statute of limitations affirmative defense, which is also the subject of Defendant's Cross-Motion for Summary Judgment (ECF 53), Defendant has not presented any facts or law to contest Plaintiff's Motion for Summary Judgment. (ECF 55).

For the reasons set forth below, Plaintiff's Motion for Summary Judgment should be granted.

## III.  Legal Standard

Summary judgment must be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). See, e.g., *Tomka v. Seiler Corp.*, 66 F.3d 1295 (2d Cir. 1995); *H.L. Hayden Co. v. Siemens Medical Systems, Inc.*, 879

F.2d 1005, 1011 (2d Cir. 1989); *United States Media Corp. v. Edde Entm't, Inc.*, 1996 U.S. Dist. LEXIS 13389, at *6 (S.D.N.Y. Sep. 10, 1996).

The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant to present "evidence sufficient to satisfy every element of the claim." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 323). To defeat a motion for summary judgment, the non-movant "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting former Fed. R. Civ. P. 56(e)).

"The mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Anderson*, 477 U.S. at 252. Moreover, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita*, 475 U.S. at 586 (citations omitted), and she "may not rely on conclusory allegations or unsubstantiated speculation." *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (internal quotation marks and citation omitted).

## IV.   Arguments

### a. Other than the Statute of Limitations Defense, Defendant has Not Contested Any Liability for Copyright Infringement in Their Opposition.

The movant bears the initial burden of demonstrating "the absence of a genuine issue of material fact," and, if satisfied, the burden then shifts to the non-movant. *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008) (citing *Celotex*, 477 U.S. at 323). To defeat a motion for summary judgment, the non-movant "must come forward with 'specific facts showing that there is a genuine

issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting former Fed. R. Civ. P. 56(e)).

"In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*., 499 U.S. 340, 361 (1991)).

Plaintiff's Motion for Summary Judgment demonstrated that there was no genuine issue of material fact regarding Plaintiff's 1) ownership of a valid copyright; and 2) Defendant's copying and displaying of Plaintiff's copyright work without authorization. (ECF 55). Defendant's opposition does not contest those facts. (ECF 59). It follows that Defendant has not presented specific' facts showing that there is a genuine issue for trial. Defendant failed to illustrate a genuine issue for trial, and Plaintiff's Motion for Summary Judgment regarding liability for copyright infringement should be granted.

### b. Defendant has Not Contested Any Liability for the Digital Millennium Copyright Act Violations.

To defeat a motion for summary judgment, the non-movant "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting former Fed. R. Civ. P. 56(e)).

To establish a claim under 17 U.S.C. § 1202(b)(3), a plaintiff must prove: (1) the existence of copyright management information ("CMI") in connection with a copyrighted work; and (2) that a defendant distributed works or copies of works; (3) while knowing that CMI has been removed or altered without authority of the copyright owner or the law; and (4) while knowing, or having reasonable grounds to know that such distribution will induce, enable, facilitate, or conceal

an infringement. *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 171 (2d Cir. 2020) (punctuation omitted) (quoting 17 U.S.C. § 1202(b)(3)).

Plaintiff's Motion for Summary Judgment demonstrated that there was no genuine issue of material fact regarding 1) the existence of Davidson's "© Cameron Davidson" copyright management information ("CMI") in connection with a copyrighted work; and (2) that Blankenship distributed works or copies of works; (3) while knowing that CMI has been removed or altered without authority of the copyright owner or the law; and (4) while knowing, or having reasonable grounds to know that such distribution will induce, enable, facilitate, or conceal an infringement. (ECF 55). Defendant's opposition does not contest those facts. (ECF 59). It follows that Defendant has not presented specific' facts showing that there is a genuine issue for trial, and Plaintiff's Motion for Summary Judgment on the DMCA claims should be granted.

### c. Defendant Has Not Created a Genuine Issue of Material Fact Regarding Plaintiff's Date of Discovery of the Infringement.

As an initial note, Defendant also filed a Cross-Motion for Summary Judgment raising the Statute of Limitations issue. (ECF 53). Plaintiff submitted his Opposition to that Motion. (ECF 58). Within that Opposition, Plaintiff demonstrated that: (a) Defendant has not produced any evidence to dispute the date of discovery or constructive notice of the possible infringement; and (b) Defendant's Statute of Limitations argument fails as a matter of law. (ECF 58). Since Defendant has not presented any new evidence in this Opposition, Plaintiff refers to his Opposition to Defendant's Motion illustrating that there is no genuine dispute of any material facts regarding the date of discovery of the infringement. (ECF 58).

Because the statute of limitations is an affirmative defense, Defendant bears the burden of proof to show it bars the claims. *NY State Elec. & Gas Corp. v FirstEnergy Corp.*, 766 F3d 212,

230 (2d Cir 2014); *See Overall v. Estate of Klotz*, 52 F.3d 398, 403 (2d Cir. 1995); *Yankee Gas Servs. Co. v. UGI Utils, Inc*., 616 F. Supp. 2d 228, 269 (D. Conn. 2009).

Defendant has not met that burden. Instead, Defendant's opposition brief incorrectly places the burden on Plaintiff to "address the fact that he reasonably should have discovered the infringement prior to 2024," without first meeting their burden to establish why Plaintiff should have known of the infringement prior to 2024. (ECF 59, Page 2). Defendant's position is essentially that photographers, such as Davidson, have an ongoing perpetual duty to police the internet for their images, which has been expressly rejected by this Court. See, *Hirsch v. Rehs Galleries, Inc*., No. 18-CV-11864 (VSB), 2020 WL 917213, at *5 (S.D.N.Y. Feb. 26, 2020)(the court rejected the argument that photographers are "under a general duty to police the internet.") (citing, *PK Music Performance, Inc. v. Timberlake*, No. 16-CV-1215 (VSB), 2018 WL 4759737, at *8 (S.D.N.Y. Sept. 30, 2018) ("copyright owners do not have a general duty to police their copyrights."); see also *Masi v. Moguldom Media Grp*. LLC, No. 18 CIV. 2402 (PAC), 2019 WL 3287819, at *5 (S.D.N.Y. July 22, 2019) ("[Plaintiff] did not have knowledge of any infringement of his work and there was no reason for him to think, or duty for him to scour the internet to find out if, anyone was using his photographs without his consent.").

Here, Plaintiff produced evidence that illustrates the date of the discovery was May 14, 2024. (ECF 53-7; ECF 58-3, ¶ 15). Defendant has not presented any evidence to dispute that date of discovery. (ECF 58-3, ¶ 23). In fact, the only piece of evidence that Defendant relies upon for this assertion is the exact document that Plaintiff produced in this case that illustrates the date of discovery was May 14, 2024. (Id. at ¶¶ 22-23). Defendant mistakenly relies on the date of "earliest publication" to suggest that the statute of limitations began running in August of 2020. (Id. at ¶ 19).

In order to raise a genuine factual dispute over the date on which the claims accrued, "[Defendant] must identify some affirmative evidence that would have been sufficient to awaken inquiry and prompt an audit on Plaintiff['s] part." *Michael Grecco Prods. v Valuewalk LLC*, 345 F Supp 3d 482, 512 (SDNY 2018); quoting *Sohm v. Scholastic Inc.*, No. 16-cv-7098 (JPO), 2018 U.S. Dist. LEXIS 53490, 2018 WL 1605214, at *11 (S.D.N.Y. Mar. 29, 2018), aff'd in part, rev'd in part and remanded, 959 F.3d 39 (2d. Cir 2020) (holding that defendant failed to meet their evidentiary burden …by not including affirmative evidence "sufficient to awaken inquiry and prompt an audit."); see also *Merck & Co. v. Reynolds*, 559 U.S. 633, 653, 130 S. Ct. 1784, 176 L. Ed. 2d 582 (2010) ("[T]erms such as "inquiry notice" and "storm warnings" may be useful to the extent that they identify a time when the facts would have prompted a reasonably diligent plaintiff to begin investigating. But the limitations period does not begin to run until the plaintiff thereafter discovers or a reasonably diligent plaintiff would have discovered 'the facts constituting the violation' . . . irrespective of whether the actual plaintiff undertook a reasonably diligent investigation.").

To dispute the date on which the claims accrued in copyright cases, a defendant must produce evidence "that would have been sufficient to awaken inquiry" (*Sohm*, 2018 U.S. Dist. LEXIS 53490 at *11), and evidence that a "reasonably diligent plaintiff would have discovered" the violation more than three years prior to filing the suit. *Merck & Co.*, 559 U.S. at, 653. Defendant has failed to present any such evidence, and therefore no genuine issue of facts exists as to the accrual date of the claim under the discovery rule. *Id*.

Plaintiff's Motion for Summary Judgment regarding the statute of limitations should be granted.

    d. **Defendant Has Not Created a Genuine Issue of Material Fact Regarding Defendant's Affirmative Defenses.**

To defeat a motion for summary judgment, the non-movant "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting former Fed. R. Civ. P. 56(e)).

> Where a plaintiff uses a summary judgment motion, in part, to challenge the legal sufficiency of an affirmative defense—on which the defendant bears the burden of proof at trial—a plaintiff may satisfy its Rule 56 burden by showing that there is an absence of evidence to support [an essential element of] the [non-moving party's] case. . . After all, in cases where there is an absence of evidence to support an essential element of a defense, with respect to that defense there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the [defendant's affirmative defense] necessarily renders all other facts immaterial.

*F.D.I.C. v. Giammettei*, 34 F.3d 51, 54-55 (2d Cir. 1994)(internal quotations and citations omitted).

Here, Plaintiff challenged Defendant's nine affirmative defenses in their Motion for Summary Judgment. (ECF 55). Other than the Statute of Limitations defense, Defendant has not challenged Plaintiff's arguments against Defendant's eight other affirmative defenses. (ECF 59). For example, Plaintiff provided a factor-by-factor analysis (factual and legal) establishing why there was no genuine issues of facts, and Defendant's Fair Use defense fails as a matter of fact and law. (ECF 55, p. 13-17). Defendant has not even attempted to provide any facts or law to contest that analysis.

It follows that Defendant has not presented specific facts illustrating there is a genuine issue for trial, and Plaintiff's Motion for Summary Judgment should be granted.

### e. The Court should Award Damages, Fees and Costs to Plaintiff.

Damages may be awarded without a hearing if the amount claimed is a liquidated sum or one capable of mathematical calculation. See *Fustok v. Conticommodity Servs., Inc.*, 122 F.R.D. 151, 155-56 (S.D.N.Y. 1988). Damages may be awarded where the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts. *Id.* at 156.

#### i. The Court Should Award Damages to Plaintiff.

Under the Copyright Act, a plaintiff may elect to recover an award of statutory damages for each infringed work, in lieu of an award of actual damages. 17 U.S.C. § 504(c).

To defeat a motion for summary judgment, the non-movant "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting former Fed. R. Civ. P. 56(e)).

Here, Defendant's Opposition includes no specific facts illustrating that there is a genuine issue for trial regarding damages. (ECF 59). Plaintiff has presented its licensing history and testimony regarding the value of the work (ECF 55-2, ¶¶13-15), and Defendant has not offered any evidence to challenge the values put forth by Plaintiff, with supporting evidence. No genuine issue of fact exists as to Plaintiff's licensing rates and the fair market value of the work. In fact, Defendant has not presented any evidence disputing Plaintiff's requested damages in his Motion for Summary Judgment. (ECF 55).

#### ii. The Court should award Legal Fees and Costs to Plaintiff.

To defeat a motion for summary judgment, the non-movant "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986) (quoting former Fed. R. Civ. P. 56(e)).

17 U.S.C § 505 states that "the court in its discretion may allow the recovery of full costs by or against any party" and "may also award a reasonable attorney's fee to the prevailing party as part of the costs." See *Zuma Press v. Getty Images Us*, 845 F. App'x 54, 55 (2d Cir. 2021); *Louis Vuitton Malletier, S.A. v. My Other Bag, Inc.*, 764 F. App'x 39, 42 (2d Cir. 2019) (holding that the Copyright Act "confers broad discretion on district courts" in determining fee awards); *Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368, 374 (S.D.N.Y. 2019). In the copyright context, Plaintiff does not have to show willful infringement or frivolous suit to claim legal fees and costs. *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 832 (11th Cir. 1982). "The only preconditions to an award of fees is that the party receiving the fee be the 'prevailing party' and that the fee be reasonable." Id.; See also, *Mahan v. ROC Nation, LLC*, 634 F. App'x 329, 331 (2d Cir. 2016).

Here, Plaintiff's Motion for Summary Judgment included requests for Damages. (ECF 55). Defendant's Opposition does not protest any of those requested damages. (ECF 59). It follows that Defendant has presented no specific facts illustrating that that there is a genuine issue for trial, and the Court should award them.

It is within the Court's discretion to award full costs or fees against a Party. Defendant's Opposition does not challenge any of the requested fees, nor the facts alleged forming the basis for the fee award. (ECF 59).

Plaintiff's Motion for Summary Judgment on liability should be granted, and Plaintiff is the prevailing party; and Defendant has offered no facts, evidence or law to challenge the factual

and legal basis for an award of fees in this matter (ECF 55). The Court should exercise its discretion and award costs and fees (of an amount to be determined in separate submissions).

## V.     Conclusion.

For the foregoing reasons, this Honorable Court should award Plaintiff's Summary Judgment motion on the basis of its copyright infringement and removal of copyright management information claims; the Court should award Plaintiff the maximum statutory damages allowed by the statutes; and the Court should award Plaintiff attorney's fees and costs in accordance with 17 U.S. Code §§ 504 and 1202.

Dated: September 2, 2025                          Respectfully submitted,

*/s/ Jordan I. Abisror*
JORDAN I. ABISROR
NY Bar Number: 6139190
jordan.abisror@sriplaw.com

JOSEPH A. DUNNE (JD0674)
NY Bar Number: 4831277
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
646.475.9070 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Bruce Cameron Davidson*

**SRIPLAW**

CALIFORNIA ◆ FLORIDA ◆ GEORGIA ◆ INDIANA ◆ NEW YORK ◆ TENNESSEE ◆ TEXAS