UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Bruce Cameron Davidson,

                  Plaintiff,

-against-

Blankenship Dry Goods LLC,

                  Defendant.

24-cv-7544 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

    Plaintiff Bruce Cameron Davidson sued defendant Blankenship Dry Goods LLC for copyright infringement. He says Blankenship copied a photograph he took of the New York City skyline and then used it on its website to market its products. For the reasons below, Davidson's motion for summary judgment is GRANTED IN PART and DENIED IN PART, and Blankenship's motion for summary judgment is DENIED.

## BACKGROUND

    Davidson is a photographer who shoots landscapes and aerial photographs. Dkt. 55-1 ¶ 1. In 2014, he shot an aerial photograph of the Manhattan skyline:



*Id.* ¶ 3. The photograph was registered with the Register of Copyrights at the Library of Congress on December 1, 2015. *Id.* ¶ 5. At all relevant times, Davidson continued to own the copyright. *Id.* ¶ 6.

Blankenship is a retailer that owns and operates the website blakenshipdrygoods.com, where it sells clothing. *Id.* ¶¶ 7–8. Blankenship displayed Davidson's photograph on its website, *id.* ¶¶ 21–22, but didn't have a license or other permission to display it, *id.* ¶¶ 24–25. Blankenship acknowledges that the photo was displayed as of August 8, 2020. Dkt. 54 ¶ 18.

Davidson filed this lawsuit on October 4, 2024, alleging copyright infringement and the unlawful removal of copyright management information (CMI). Dkt. 1. Blankenship moved to dismiss the complaint, citing fair use. Dkt. 17. The Court denied the motion. Dkt. 31. Blankenship filed an interlocutory appeal of the denial, which was dismissed. Dkts. 32, 50. Following discovery, the parties cross-moved for summary judgment. Dkts. 53, 55.

## LEGAL STANDARDS

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material fact is one that would 'affect the outcome of the suit under the governing law,' and a dispute about a genuine issue of material fact occurs if the evidence is such that 'a reasonable [factfinder] could return a verdict for the nonmoving party.'" *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986)). "In determining whether there is a genuine issue of material fact, the court must resolve all ambiguities, and draw all inferences, against the moving party." *Id.*

## DISCUSSION

At this stage, the only issue in dispute in both parties' motions appears to be whether the statute of limitations expired before Davidson filed his complaint. Blankenship appears to concede all elements of the copyright claims, raising only a statute-of-limitations defense. *See* Dkts. 53-1, 59. The Court, however, briefly explains why the evidence submitted by Davidson supports the required elements of the claims. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.").

### I. Davidson is entitled to summary judgment on the elements of his two claims

Davidson raises two claims in his complaint: copyright infringement, in violation of 17 U.S.C. § 501, and removal of CMI, in violation of 17 U.S.C. § 1202(b). The Court concludes he has demonstrated the elements of each claim as a matter of law.

#### A. Davidson has demonstrated the elements of his infringement claim

"In a copyright infringement case, the plaintiff must show: (i) ownership of a valid copyright; and (ii) unauthorized copying of the copyrighted work." *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003). "A certificate of registration from the United States Register of Copyrights constitutes *prima facie* evidence of the valid ownership of a copyright." *Id.*

2

Davidson received a certificate of registration for the work in question. Dkt. 55-1 ¶ 5. As Blankenship does not provide any evidence that would contradict that *prima facie* evidence, the Court concludes that he owns the copyright as a matter of law.

As to the second element of the claim, the Court concludes that Davidson has demonstrated unauthorized copying as a matter of law. While Davidson argues that Blankenship is deemed to have admitted to this element by failing to respond to a request for admission on this topic before the 30-day deadline, Dkt. 55 at 4–5, the Court need not resort to any waiver analysis on this point. Instead, the Court looks to the fact that Blankenship's owner, Tony Lenzo, admitted in a deposition that Blankenship maintained the website, Dkt. 55-9 at 47, that the image appeared on the website, *id.* at 116, and that Blankenship never received confirmation it had received a license, *id.* at 96, 113. That is sufficient to show the elements of infringement as a matter of law.

### B.  Davidson has demonstrated the elements of his removal-of-CMI claim

For a removal-of-CMI claim under § 1202(b), a plaintiff must show "(1) the existence of CMI in connection with a copyrighted work; and (2) that a defendant 'distribute[d] ... works [or] copies of works'; (3) while 'knowing that [CMI] has been removed or altered without authority of the copyright owner or the law'; and (4) while 'knowing, or ... having reasonable grounds to know' that such distribution 'will induce, enable, facilitate, or conceal an infringement.'" *Mango v. Buzzfeed, Inc.*, 970 F.3d 167, 171 (2d Cir. 2020) (quoting 17 U.S.C. § 1202(b)).

Davidson argues that the essential elements of the claim were listed in a request for admission that Blankenship did not respond to in a timely fashion. Dkt. 55 at 4–5. But given that the response was only four days late, *id.* at 7, the Court declines to rule on the basis of waiver. Instead, the Court examines the evidentiary materials furnished by Davidson to confirm that he has satisfied has summary-judgment burden.

The first two elements are straightforward. The photo, as reproduced above, clearly displays CMI on the photo. And as the prior section noted, Blankenship does not dispute distributing the work.

Although there is no direct evidence on the latter two elements, Davidson carries his initial burden to "inform[] the district court of the basis for [his] motion, and identify[] those portions [of the record] which [he] believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In particular, Lenzo in his deposition acknowledged that he understood what the CMI watermark represented and that the photo was copied without the CMI that was in the original photo. Dkt. 55-9 at 43, 116–117. That is sufficient to suggest the absence of a genuine issue of material fact on the third element. And as for the fourth element, while Blankenship does not admit knowing that posting the photo "will induce, enable, facilitate, or conceal an infringement," Davidson suggests that any reasonable juror would find that Blankenship had reasonable grounds to know that posting the photo stripped of its CMI would conceal the infringement.

After Davidson met his initial burden to suggest the absence of a genuine dispute of material fact, the burden shifted to Blankenship to rebut the suggestion. *Celotex*, 477 U.S. at 323–24. But it does not point to anything in response—in fact, it does not even address the argument. Blankenship could have argued that no one affiliated with the company was aware that the CMI had been stripped from the photo. Blankenship might have argued that Lenzo's deposition testimony at most indicated an awareness that as presented in the deposition, CMI was removed from the photo, not that Blankenship was previously aware of that. But Blankenship declined to make these arguments, perhaps because the company was aware—as Lenzo's testimony could be understand to support—that the photo had been cropped before it was posted to the company's website. This is a situation where it is appropriate to "consider the fact undisputed for purposes of the motion," and "grant summary judgment" in favor of Davidson. Fed. R. Civ. P. 56(e)(2), (3). As a result, the Court holds that Davidson has demonstrated the absence of a genuine dispute of material fact on all elements of the removal-of-CMI claim.

## II. Blankenship's statute-of-limitations defense fails

With all elements of Davidson's case-in-chief met, the Court turns to the sole defense raised on summary judgment: the statute of limitations. Civil copyright claims must be filed "within three years after the claim accrued." 17 U.S.C. § 507(b). The Second Circuit has held that the claim accrues based on the "discovery rule," *i.e.*, "the claim accrues when a diligent plaintiff discovers or should have discovered the injury (*e.g.*, an infringement)." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 2792 (2025).

As noted above, the complaint in this case was filed slightly more than four years after the acknowledged infringement. Blankenship does not point to any evidence that suggests that Davidson discovered the infringement in the fourteen-month period between the acknowledged infringement (August 8, 2020) and the date that was three years before the complaint was filed (October 4, 2021). Rather, Blankenship argues that Davidson "*should have* discovered it" before October 4, 2021. Dkt. 59 at 2. This argument fails.

Blakenship's argument rests on the theory that Davidson discovered many other possible infringers during the same period and worked with a vendor to uncover infringement. *Id.* It also argues that Davidson is a "serial litigator" who would have been expected to uncover the infringement more than three years before he filed the complaint. *Id.* at 3. In support, it points to cases such as *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461 (S.D.N.Y. 2019), which held that a claim was time barred where the plaintiff, "a seasoned litigator that has filed 36 lawsuits to protect its copyrights . . . should have discovered, with the exercise of due diligence, that its copyright was being infringed within the statutory time period." *Id*. at 467; *see also* Dkt. 59 at 3.

The problem with Blankenship's argument is that the Second Circuit explicitly rejected the "sophisticated plaintiff" approach in the *Minden* line of cases for the accrual of a copyright claim. *Michael Grecco*, 112 F.4th at 151–52 ("This 'sophisticated plaintiff' rationale has no mooring to our cases."). Instead, that court noted that "the Copyright Act [does not] employ different rules of accrual for different plaintiffs." *Id.* at 152.

In short, the Second Circuit has directed district courts to apply an objective analysis to whether the infringement should have been discovered. Davidson alleges he discovered the infringement on May 14, 2024, only a few months before the complaint was filed. Dkt. 55-2 ¶ 7. Blankenship points to no evidence at all that a reasonable copyright holder should have discovered the infringement earlier; instead, its entire argument rests upon a theory that runs counter to binding precedent. And since that is Blankenship's sole argument against liability, the Court GRANTS Davidson's motion for summary judgment as to liability, and DENIES Blankenship's motion for summary judgment in its entirety.

### III. The Court denies summary judgment on damages

The next question before the Court is damages. Davidson sought to have the Court decide the amount of damages on summary judgment. Dkt. 55 at 18–24. Blankenship did not discuss statutory damages at all in its opposition.

Typically, statutory copyright damages are a question for the jury under the Seventh Amendment. *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 355 (1998). Most courts to reach the question have concluded that even where there is no genuine dispute of material fact over the merits of a copyright action, a defendant has a right to have a jury decide the amount of damages, if the plaintiff seeks more than the statutory minimum, since statutory damages are inherently an exercise of discretion. *See Curtis v. Illumination Arts, Inc.*, 957 F. Supp. 2d 1252, 1259–60 (W.D. Wash. 2013) ("Even considering Plaintiffs' undisputed evidence in favor of an award of the statutory maximum, the selection of such an award requires the exercise of discretion by the fact finder."); *BMG Music v. Gonzalez*, 430 F.3d 888, 892 (7th Cir. 2005) (affirming summary judgment on statutory damages where the plaintiff sought the statutory minimum, but noting that the defendant "would have been entitled to a [jury] trial" if the plaintiff had sought more); *but see Microsoft Corp. v. Image & Bus. Sols., Inc.*, 2007 WL 2874430, at *6 (C.D. Cal. May 4, 2007) (holding that courts can determine the amount of statutory damages on summary judgment).

Since Blankenship demanded a jury trial in its answer, Dkt. 33, the Court concludes that determining the amount of statutory damages is inappropriate on summary judgment unless the parties agree to waive their rights to a jury trial. The parties should meet and confer, and if either party seeks to have the amount of damages decided by a jury, the parties should submit a joint letter within 14 days of this order (1) stating that at least one of the parties does not consent to the Court determining the amount of damages to be awarded; and (2) listing several weeks in April, May, June, or July of 2026 when both parties are available for a 1–2 day jury trial on damages. Should the parties fail to submit any letter within 14 days, the Court will consider the matter waived and shall issue an order awarding an amount of damages.

### IV. The Court defers any ruling on attorney's fees

At the end of his brief, Davidson requests legal fees and costs. Dkt. 55 at 24. He does not specify an amount, nor does he include any evidence from which the Court could determine a fee award. While an award of fees may be appropriate, the Court does not decide the issue at this time.

Should he believe an award of fees is justified, Davidson may file a motion in accordance with applicable statutes and rules after damages are determined and judgment is entered. *See* Fed. R. Civ. P. 54(d)(2).

## CONCLUSION

Davidson's motion for summary judgment is GRANTED IN PART and DENIED IN PART; Blankenship's motion for summary judgment is DENIED.

The parties should meet and confer, and if either party seeks to have the amount of damages decided by a jury, the parties should submit a joint letter within 14 days of this order (1) stating that at least one of the parties does not consent to the Court determining the amount of damages to be awarded; and (2) listing several weeks in April, May, June, or July of 2026 when both parties are available for a 1–2 day jury trial on damages. Should the parties fail to submit any letter within 14 days, the Court will consider the matter waived and shall issue an order awarding damages.

The Clerk of Court is respectfully directed to terminate the motions at Dkts. 53 and 55.

SO ORDERED.

Dated: January 2, 2026
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge