UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bruce Cameron Davidson,<br><br>                    Plaintiff,<br><br>     -against-<br><br>Blankenship Dry Goods LLC,<br><br>                    Defendant. | 24-CV-7544 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

At the outset of this case, plaintiff's counsel stated in open court—with the defendant's owner present—that it had made a settlement demand of around $17,000. And today in court, plaintiff's counsel confirmed that at that time, plaintiff would have likely accepted $9,000 or $10,000. Nevertheless, defendant's owner refused to respond, and to date has made no material settlement offer. After resolving the parties' summary judgment motions, the Court tried to facilitate a dialogue between the parties, which apparently took place last night over Teams. But it appears that the defendant's owner begrudgingly participated in that discussion solely to satisfy this Court's order, and not to actually see if a resolution of the case was possible.

So where are we now? On summary judgment, **defendant didn't even bother to oppose plaintiff's summary judgment motion on damages**. And if the Court itself hadn't detected the jury-trial issue that it brought to the parties' attention, that waiver might have been fatal. Now the defendant is staring down a trial and likely request for attorney's fees, **where plaintiff in court confirmed it will be seeking in excess of $300,000, and likely nearer to $400,000 at the end of the day given the resources involved in trial**. Defendant will also have to continue paying its own lawyers as well. While settlement is up to the parties, the Court's advise is that it's way past time to start taking things seriously to see if a resolution is possible. Plaintiff, through counsel, confirmed in court that he remains open to a reasonable resolution of the case, and it's time for the defendant to as well.

Otherwise: Counsel as well as the parties themselves are required to appear in person at 2 p.m. on Thursday, February 12, 2026, in Courtroom 15A. Trial is scheduled for May 27, 2026 in Courtroom 15A, with jury selection to begin at 9 a.m. The Court will address the schedule for pretrial filings at next week's conference. The plaintiff and all of defendant's owners must appear in court for any further conferences in this case and for the entirety of the trial.

SO ORDERED.

Dated:  February 6, 2026
        New York, New York

_____
ARUN SUBRAMANIAN, USDJ