UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bruce Cameron Davidson,<br><br>                              Plaintiff,<br><br>        -against-<br><br>Blankenship Dry Goods LLC,<br><br>                              Defendant. | 24-cv-7544 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiff Bruce Cameron Davidson sued defendant Blankenship Dry Goods LLC for copyright infringement. He says Blankenship copied a photograph he took of the New York City skyline and then used it on its website to market its products. The Court previously granted summary judgment to Davidson on liability and now awards statutory damages.

## BACKGROUND

The Court discussed the factual background comprehensively in its prior opinion, *Davidson v. Blankenship Dry Goods LLC*, 2026 WL 18892 (S.D.N.Y. Jan. 2, 2026). There, the Court granted summary judgment to Davidson on the question of liability. Davidson had sought statutory damages, and the Court concluded that Blankenship was entitled to a jury trial on the issue. *Id.* at *4.

The parties have since agreed to waive the jury trial and have the Court determine damages based on the briefs already submitted with the parties' motions for summary judgment. Dkt. 77 at 1.

## DISCUSSION

Davidson sought summary judgment on the question of damages. Dkt. 55 at 18–24. Blankenship did not raise any opposition on the question, but nonetheless consented for the Court to rule on the existing submissions. *See* Dkt. 77 at 1 ("[T]he parties respectfully request that the Court determine the amount of damages in this action without a jury and based upon paper[s] submitted as part of the parties' Motions for Summary Judgment."). Despite the lack of opposition, the Court still looks to ensure that the record supports Davidson's claim for damages. *See Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.").

### I.    The Court awards $10,000 in statutory damages for infringement

In lieu of actual damages, the Court may award statutory damages for willful copyright infringement in an amount not less than $750 and not more than $150,000.[1] 17 U.S.C. § 504(c)(1)–(2). Davidson initially asks for the maximum penalty of $150,000. Dkt. 55 at 19–20. His sole argument is that it will deter future willful infringement. *Id.* But any award of damages will deter willful conduct, and he provides no argument as to why this infringement is particularly egregious to deserve the maximum statutory damages.

Instead, the Court awards damages as a multiple of the fair market value of the license. *See Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016) ("Second Circuit case law . . . reflects that courts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost of the licensing fees the defendant would have paid."). Davidson has averred without contradiction that a license fee for this photo would have been approximately $2,400. Dkt. 55-2 ¶ 13. While Davidson seeks, in the alternative, an award of damages of $12,000—five times $2,400, at the top of that range—he does not justify why this case should be at the high end of a range that already takes into account willful infringement. The Court instead awards $10,000 for infringement, near the midpoint of the range commonly awarded in this Circuit, given that the facts here seem typical of a willful-infringement case.

### II.    The Court awards $15,000 in statutory damages for removal of copyright management information (CMI)

Next, the Court turns to damages for removal of CMI. A violation for the removal of CMI under § 1202 carries damages of between $2,500 and $25,000. 17 U.S.C. § 1203(c)(3)(B). Here again, Davidson seeks the maximum statutory penalty. Dkt. 55 at 21. In support, he cites Blankenship's lack of willingness to engage in meaningful settlement discussions. *Id.* at 22–24.

While the Court does not condone the tactics cited, which Blankenship does not rebut, they alone do not support a $25,000 fee award. The case that Davidson cites, *Sheldon v. Plot Commerce*, 2016 WL 5107072 (E.D.N.Y. Aug. 26, 2016), report and recommendation adopted, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016), involved more egregious conduct: the "continued use of the Photograph" during the litigation, "efforts to avoid service[,] and refusal to participate in this litigation," *id.* at *17. Those factors are not present here. The Court finds an award above the midpoint of the range, but not at the top of the range, appropriate and awards Davidson $15,000 in damages for Blankenship's removal of CMI.

---

[1] Blankenship does not contest that the infringement was willful.

## CONCLUSION

Davidson is entitled to a total of $25,000 in statutory damages.

The Clerk of Court is respectfully directed to enter judgment for Davidson in the amount of $25,000, and to close this case.

SO ORDERED.

Dated: April 21, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge

3