UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRUCE CAMERON DAVIDSON,

                Plaintiff,

— against —

BLANKENSHIP DRY GOODS LLC,

                Defendant.

## DEFENDANT BLANKENSHIP DRY GOODS LLC'S OPPOSITION TO PLAINTIFF'S POST-JUDGMENT MOTION FOR ATTORNEY'S FEES, COSTS, AND PREJUDGMENT INTEREST

Defendant Blankenship Dry Goods LLC ("Blankenship"), by and through undersigned counsel, respectfully submits this opposition to Plaintiff's Motion for Attorney's Fees, Costs, and Prejudgment Interest.

### PRELIMINARY STATEMENT

Defendant Blankenship has appealed the Court's summary judgment ruling and related determinations in this matter. Because the issues underlying Plaintiff's application remain subject to appellate review, the Court should deny the motion without prejudice or defer ruling until resolution of the appeal.

Even if the Court reaches the merits, Plaintiff's request is excessive. Plaintiff seeks more than $107,000 in attorney's fees, approximately $4,600 in costs, and additional prejudgment interest following an award of $25,000 in statutory damages. The requested fees are disproportionate to the damages awarded and include numerous entries that appear excessive, duplicative, administrative, clerical, or otherwise not reasonably necessary to the litigation.

**ARGUMENT**

## I. THE COURT SHOULD DEFER CONSIDERATION OF THE MOTION PENDING APPEAL

Blankenship has appealed the Court's summary judgment ruling and related determinations. Judicial economy favors postponing any fee determination until the appellate process is complete. Should the judgment be modified or reversed, substantial portions of Plaintiff's fee application may become moot or require reconsideration.

## II. THE REQUESTED FEES ARE EXCESSIVE

Plaintiff seeks attorney's fees totaling approximately $107,765. The Court retains broad discretion to determine a reasonable fee award and to reduce hours that are excessive, redundant, clerical, administrative, inadequately documented, or otherwise unnecessary.

The billing records submitted by Plaintiff reflect numerous entries that appear excessive for the tasks described, include internal conferences among multiple professionals, contain block billing, and seek compensation for administrative or clerical tasks that ordinarily should not be billed at attorney rates. Plaintiff also seeks recovery for substantial time devoted to fee litigation itself. The Court should carefully scrutinize the hours claimed and substantially reduce any fee award.

## III. MANY OF THE REQUESTED COSTS ARE NOT RECOVERABLE OR ARE INSUFFICIENTLY SUPPORTED

Plaintiff seeks recovery of various travel, meal, transportation, lodging, and miscellaneous expenses. Several of these items do not appear to constitute taxable costs under 28 U.S.C. § 1920. To the extent Plaintiff seeks reimbursement for such expenses, Blankenship objects and requests strict proof that each claimed item is recoverable under applicable law.

## IV. PREJUDGMENT INTEREST SHOULD BE DENIED

An award of prejudgment interest is discretionary. Under the circumstances of this case, where Plaintiff already received statutory damages and now seeks a substantial fee award, additional prejudgment interest would result in an unwarranted enhancement of the recovery. The Court should therefore deny Plaintiff's request for prejudgment interest.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's Motion for Attorney's Fees, Costs, and Prejudgment Interest, or alternatively substantially reduce the amounts requested and grant such other relief as the Court deems just and proper.

Dated: May 29, 2026
      New York, New York

**CRISCIONE RAVALA, LLP**

By: */s/ Galen J. Criscione*
Galen J. Criscione, Esq
250 Park Avenue, 7th Floor
New York, NY 10177
T: (212) 920-7142
F: (800) 583-1787
E: gcriscione@lawcrt.com
*Counsel for Defendant*