UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Bruce Cameron Davidson,<br><br>                              Plaintiff,<br><br>-against-<br><br>Blankenship Dry Goods LLC,<br><br>                              Defendant. | 24-CV-7544 (AS)<br><br><u>ORDER</u> |

ARUN SUBRAMANIAN, United States District Judge:

Davidson's motion for attorney's fees is GRANTED.

Blankenship's opposition to the motion is meritless. It first argues that the Court should defer ruling on the motion given the pending appeal, but the Court retains jurisdiction over a motion for attorney's fees. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 225 (2d Cir. 2004).

On the merits, Blakenship does not argue that Davidson is not entitled to fees. It only argues that the fee request is "excessive." But it does not point to any specific fee amount that is excessive, only making general arguments that tasks were excessive or unnecessary. Although Blankenship asks the Court to "carefully scrutinize the hours claimed," it did not point to anything specific to scrutinize. As a result, the Court deems Blankenship's challenge to the fee request forfeited. Despite Blankenship's forfeiture, the Court has independently reviewed the fees in this case, and does not find them to be excessive, either in terms of the tasks that were done, the amount of time spent, or the billing rates of the attorneys involved. Because of Blankenship's utter refusal to make any attempt to settle this case—despite Davidson's outreach and the Court's numerous attempts to facilitate discussions—extensive litigation was necessary, including multiple rounds of motion practice and a trial on the horizon on the issue of damages, which Blankenship had not even tried to defend on the merits. If the fees here are higher than what Blankenship anticipated, then it has only itself to blame.

Similarly, Blankenship's challenges to the requested costs and prejudment interest are forfeited. Blankenship says that "[s]everal" of the costs do not appear to be taxable, but does not point to any request in particular. And its only challenge to prejudgment interest is that it "would result in an unwarranted enhancement of the recovery." But Blankenship does not elaborate, nor does it cite to any authority for the proposition.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 81 and to issue an amended judgment as follows:

- Judgment is entered for Davidson for a total of $25,000 in statutory damages;
- Davidson is awarded attorney's fees in the amount of $107,765;
- Davidson is awarded taxable costs in the amount of $4,597.87;

- Davidson is awarded prejudgment interest in the amount of $12,917.52;
- Davidson is awarded post-judgment interest at the rate specified in 28 U.S.C. § 1961 until the judgment is paid.

SO ORDERED.

Dated: June 15, 2026
        New York, New York

ARUN SUBRAMANIAN
United States District Judge

2